WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY

By:   M. COLLEEN CONNOR (Bar No. 015679)
      connorc@mcao.maricopa.gov
      TALIA J. OFFORD (Bar No. 028768)
      offordt@mcao.maricopa.gov
      Deputy County Attorneys
      MCAO Firm No. 00032000

CIVIL SERVICES DIVISION
222 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
Telephone: (602) 506-8541
Facsimile (602) 506-8567
ca-civilmailbox@mcao.maricopa.gov

*Attorneys for Maricopa County Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Isabel, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Michele Reagan, in her individual capacity; Maricopa County; Adrian Fontes, in his official capacity as Maricopa County Recorder,<br><br>Defendants. | No. CV 18-3217-PHX-DWL<br><br>**MARICOPA COUNTY'S REPLY IN SUPPORT OF ITS RULE 12(b)(1) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>(Honorable Dominic W. Lanza) |

Maricopa County hereby respectfully reasserts its request for an Order from the Court denying Plaintiff's Complaint in its entirety, with prejudice. This lawsuit is an attempt to sidestep Judge Logan's 2016 ruling denying *all relief* requested regarding the exact same issue and the exact same electors (indeed, filed by the verifier of the 2016 Complaint) by adjusting the relief sought. Judge Logan's ruling required no action or change on the part of the Secretary nor the counties, as it denied all relief requested.

Therefore, the Secretary (and the counties, by proxy) were not ordered to make any change. Accordingly, any claim any potential plaintiff may have had, including this Plaintiff, was known at the time of Judge Logan's Order way back in 2016. Nevertheless, the Court need not reach a decision on this ground because Plaintiff lacks standing against Maricopa County as Plaintiff's alleged injury is not fairly traceable to Maricopa County.

Maricopa County hereby respectfully submits this Reply for the Court's consideration. In sum, Maricopa County's conduct – abiding by the Secretary's express instruction to accept registrations filed by October 10, 2016 – is not "fairly traceable" to Plaintiff's injury. Plaintiff's argument essentially reduces to this: Maricopa County is responsible in-part for Plaintiff's claimed injury because Maricopa County: is the final policymaker for Maricopa County, adopted a policy invalidating certain votes, and, counted the votes in the election at issue. These factors, while inaccurate, do not establish that Maricopa County – *or any county* – had the power to override the Secretary – i.e. State *Chief* Election Officer – on a matter of statewide concern. Thus, since Maricopa County's conduct is not fairly traceable to Plaintiff's alleged injury, Plaintiff has no standing as related to Maricopa County. Maricopa County stands by its Motion to Dismiss and will focus its Reply on this point.

**I.     PLAINTIFF STILL FAILS TO ESTABLISH STANDING BECAUSE HIS ALLEGED INJURY IS NOT "FAIRLY TRACEABLE" TO MARICOPA COUNTY'S CHALLENGED CONDUCT.**

The conduct challenged is Maricopa County's compliance with the State Chief Election Officer's state-wide directive setting the voter registration deadline to October 10, 2016 in light of the holiday and in the absence of legislative clarity, and *subject to criminal penalty for noncompliance*. Plaintiff is correct, Maricopa County's action need not be the immediate or proximate cause of Plaintiff's injuries. Rather, Plaintiff's injuries must be "fairly traceable" to Maricopa County's action. Herein lies the issue; Maricopa County's conduct of complying with the State Election Officer's state-wide mandate establishing the voter registration deadline as October 10, 2016 – *subject to criminal penalty for noncompliance* – is not "fairly traceable" to Plaintiff's alleged injury. If an injury is not fairly traceable, there is no standing and the court cannot hear the case.

### A. Judge Logan's Ruling Squarely Quashed Any Argument that Plaintiff's Alleged Injury is Fairly Traceable to Maricopa County or the Secretary.

This is the predominate missing link in Plaintiff's case for standing. Judge Logan squarely addressed this issue regarding all electors in this claimed class, which includes this Plaintiff:

> *The holiday deadline did not limit the methods of voter registration*; it merely imposed a timeframe in which voters had to act in order to register to vote in the general election. Nor did the deadline impose restrictions in a disproportionate manner because only certain methods for voter registration were available on Columbus Day…*The voters at issue here could have registered in time for the general election, but unfortunately did not do so…these circumstances, while unfortunate, were not the result of the Secretary's holiday deadline. Circumstances like these could arise at any time an individual registers to vote at the last moment to do so*.

(2016 Order at 16-17) (emphasis added.) Here, Judge Logan squarely eliminates any claim that Plaintiff's alleged injury is "fairly traceable" to the Secretary (thus, also to Maricopa County). Indeed, the voters could have registered in time but did not do so. While unfortunate, circumstances like these may arise any time an individual waits until the last moment to register, *but* this is "not the result of the Secretary's holiday deadline." As can be seen, Judge Logan does not even address the counties because it is the Secretary's duty, not the counties, including Maricopa County.

### B. Maricopa County Had No Power or Authority to Cause Plaintiff's Alleged Injury.

Furthermore, an injury is *not* fairly traceable – i.e. does not stem from – a defendant's action if the defendant has no authority or power to act otherwise. In other words, a defendant's action cannot cause a plaintiff's alleged injury if the defendant has no authority or power to act. *Kurtz v. Baker*, 829 F.2d 1133 (D.C. Cir. 1987) (plaintiff has no standing to challenge refusal of [defendants-chaplains] to [act] since the [defendants-chaplains] had no discretion to grant such a request). In the absence of an allegation of power or authority to act, the court cannot conclude a defendant "caused" a plaintiff's

3

injury or that a plaintiff's injury is fairly traceable to a defendant's act. *Kurtz v. Baker*, 829 F.2d 1133, 1142 (D.C. Cir. 1987) ("In the absence of an allegation that the [defendants] had the power to permit [plaintiff's request], the court could not conclude that [defendants] "caused" [plaintiff's injury].").

While not binding, the United States Court of Appeals for the District of Columbia addressed this very issue and its analysis proves persuasive here. In *Kurtz v. Baker*, a professor sought to deliver secular remarks during morning prayer before the United States House and Senate. The chaplains refused stating they had no authority to act, citing House and Senate rules as the authority. When refused by the chaplains, the professor sued the chaplains for refusal to invite nontheists to deliver secular remarks during morning prayer. The professor did not allege that the chaplains had "discretionary authority" to act. *Kurtz v. Baker*, 829 F.2d 1133, 1142 (D.C. Cir. 1987) ("[Plaintiff] does not even allege that each house has granted its [chaplain-defendants] discretionary authority such that, with the [chaplain-defendant's] assent, there would have been a "substantial probability" of [plaintiff] addressing either house.").

The district court affirmed plaintiff-professor's standing, which the appeals court reversed. The appeals court held that chaplains who refused to invite nontheists to deliver secular remarks during morning prayer *did not have authority* to invite or terminate anyone from the prayer, so that the inability of the plaintiff-professor to deliver secular remarks *was not fairly traceable* to the defendant-chaplains' conduct – the rejection of the plaintiff-professor's requests – and thus, plaintiff-professor did not have Article III standing.

Here, as in *Kurtz*, Maricopa County did not have authority to act in the manner demanded by the plaintiffs in the 2016 Lawsuit addressing the same nucleus of facts as Plaintiff here. While Maricopa County does indeed oversee elections in Maricopa County and does have broad authority to carry out elections, this authority is not limited. Indeed, one of the limitations of this authority is the setting of the *state-wide* voter registration deadline, which is a matter of statewide concern, which goes beyond Maricopa County's authority into the Secretary's purview. Indeed, Judge Logan addressed this in his Order: "[t]he Secretary has the authority to promulgate rules and procedures for elections, such as

voter registration, *which encompasses determining voter registration deadlines …*" (2016 Order at 9-10) (internal quotations and citations omitted).[1] To now conclude in this related matter that Maricopa County – not the Secretary – determines voter registration deadlines would be to render Judge Logan's opinion void. Nor can it be concluded that both Maricopa County and the Secretary have authority to set the deadline, for if both had the authority to set the deadline, as a practical matter, each agency could effectively choose and establish *different* deadlines. That is clearly not the intent of the statutes at issue, including establishing the Secretary as the Chief Election Officer for Arizona.

The Secretary did not delegate this authority to Maricopa County or any other county. Rather, the Secretary retained authority and directed all counties to follow the October 10, 2016 deadline. In fact, *Plaintiff* even alleges this fact: "*[n]otably*, on August 25, 2016, the Director of the Office of the Secretary of State's Elections Division…emailed all of Arizona's county recorders notifying them that October 10, 2016 was the correct deadline and that the deadline could not be lawfully moved to October 11th." Compl. ¶ 20 (emphasis added).

Not only did the Secretary not delegate the power to set the registration deadline to Maricopa County (or any other county), Plaintiff does not allege so. Instead, Plaintiff alleges something more ambiguous: "Defendant Fontes is the chief official responsible for overseeing elections in Maricopa county, and is empowered with broad authority to carry out that responsibility. Defendant Fontes is the final policymaker for Maricopa County on matters relating to elections, including the verification, processing, and tabulation of ballots at issue in this lawsuit." Compl. ¶ 11. This is not an allegation that Maricopa County has authority over the specific duty at issue: to set the voter registration deadline. Indeed,

/ / /

---

[1] Plaintiff erroneously characterizes Maricopa County's conduct in following the Secretary's directive as a "policy." This is a mischaracterization. Rather, Maricopa County carried out its *duty* and *followed the law*. To the extent this court characterizes Maricopa County's conduct as a policy, the judicial system prefers to steer clear of opining on policy ramifications.

Plaintiff cannot expressly allege so because there is no source for this proposition because it is not true.

*Arguendo*, Maricopa County could have ignored the limits of its authority and – in direct disobeyance of the Secretary – counted Plaintiff's ballot filed after the established deadline. However, in that realm, while Plaintiff's personal desire would have been satisfied, Maricopa County would have placed itself squarely in the path of the possibility of criminal prosecution. (2016 Order at 9-10) ("Any person who does not abide by the Secretary's rules is subject to criminal penalties."). Even further – *arguendo* – there is no guarantee the Secretary would *not* have exercised its authority to override such an act by Maricopa County. This is therefore unreasonable and the result tenuous at best. Article III requires a chain of causation less ephemeral than a chance or possibility. Of note, while Plaintiff relied on Judge Logan's Order in support of some of his arguments, Plaintiff *does not* address the portion of Judge Logan's Order recognizing "criminal penalties" for "any person who does not abide by the Secretary's rules." (*See*, Compl., generally.) Thus, implicit in Plaintiff's argument is, even though Maricopa County was in danger of criminal penalties for disregarding the Secretary's deadline, Maricopa County *should have* subjected itself to criminal penalties. Since it did not, Maricopa County is now liable to Plaintiff for compensatory and punitive damages for adhering to the Secretary's direction.

In the absence of an allegation that Maricopa County had the power to set the voter registration deadline, the court cannot conclude Maricopa County caused Plaintiff's vote to be untimely. *Accord Kurtz v. Baker*, 829 F.2d 1133, 1142 (D.C. Cir. 1987) (internal quotations omitted) (emphasis added) ("In the absence of an allegation that the [defendant-chaplains] had the *power* to permit [plaintiff] to address the House and Senate in the manner [plaintiff] sought, the court could not conclude that the [defendant-chaplains] caused appellant's exclusion."). Notwithstanding, this court cannot direct Maricopa County to alter its actions when Maricopa County had no authority to do so. In other words, this court lacks jurisdiction to order Maricopa County to break the law and subject itself to criminal penalty, the criminality of which was noted by Judge Logan in the 2016 Lawsuit.

Accordingly, Plaintiff's alleged injury is not fairly traceable to Maricopa County and has therefore failed to establish standing.

### C. Maricopa County's Action is Not "Fairly Traceable" to Plaintiff's Claimed Injury Because Maricopa County's Action Was legal.

Although standing does not rise or fall on the illegality of a defendant's behavior as it is a prudential rather than a constitutional consideration, it is worth a brief note since Plaintiff raise a similar point in his Response. To be "fairly traceable," the defendant's conduct at issue must be illegal. It is well-settled: "[a] federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the *putatively illegal action* [of the defendant]." *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (internal quotations omitted) (emphasis added). Maricopa County did not act illegally.

Maricopa County did not fail to comply with Judge Logan's Order. Judge Logan's Order denied all of plaintiff's requested relief, save granting a motion to supplement the record. (2016 Order at 34.) Judge Logan did not order Maricopa County to perform any act. Accordingly, there is no illegality here.

Maricopa County complied with the Secretary's instruction at issue. To the extent Plaintiff argues Maricopa County violated state or federal law by following the registration deadline set by the Secretary, Maricopa County did not have the authority to usurp the Secretary to establish another date. *See*, *supra*, Section I.B.

Accordingly, in the absence of illegally, Plaintiff has not established the "fairly traceable" irreducible element of standing.

## II. CONCLUSION

Accordingly, Maricopa County respectfully requests that this Court find a lack subject matter jurisdiction over the allegations in Plaintiff's Complaint and dismiss Plaintiff's Complaint in its entirety, or alternatively, dismiss those individual claims that

/ / /

fail to set forth a proper cause of action against any Defendant and issue an Order accordingly.

**RESPECTFULLY SUBMITTED** this 14th day of January, 2019.

          WILLAM G. MONTGOMERY
          MARICOPA COUNTY ATTORNEY


        By: /s/Talia J. Offord

         TALIA J. OFFORD
         M. COLLEEN CONNOR
         Deputy County Attorneys
         *Attorneys for Maricopa County*
         *Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of January 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Spencer G. Scharff, Esq.<br>SCHARFF, P.L.C.<br>502 West Roosevelt Street<br>Phoenix, Arizona 85003<br>spencer@scharffplc.com | Stephanie Susan Elliott<br>OFFICE OF THE ATTORNEY GENERAL<br>2005 North Central Avenue<br>Phoenix, Arizona 85004-1592<br>Stephanie.Elliott@azag.gov |
| Nathan J. Fidel, Esq.<br>MILLER, PITT, FELDMAN &<br>  MCANALLY, P.L.C.<br>2800 North Central Avenue, Suite 840<br>Phoenix, Arizona 85004-1069<br>nfidel@mpfmlaw.com<br><br>*Attorneys for Plaintiff* | Jeremy Dominic Horn<br>OFFICE OF THE ATTORNEY GENERAL<br>2005 North Central Avenue<br>Phoenix, Arizona 85004-1592<br>jeremy.horn@azag.gov<br><br>Kara Karlson<br>OFFICE OF THE ATTORNEY GENERAL<br>2005 North Central Avenue<br>Phoenix, AZ 85004-1592<br>AdminLaw@azag.gov<br><br>Joseph Eugene LaRue<br>OFFICE OF THE ATTORNEY GENERAL<br>2005 North Central Avenue<br>Phoenix, Arizona 85004-1592<br>AdminLaw@azag.gov<br><br>*Attorneys for Defendant Michele Reagan* |

/s/J. Christiansen

S:\CIVIL\CIV\Matters\GN\2018\Isabel V. Reagan  GN18-0633\CAPTION-FORM ONLY.Docx