**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Isabel, | No. CV-18-03217-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Michele Reagan, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's "Brief Regarding Rule 26(f) Discovery Dispute" (Doc. 40) and Defendant Reagan's Response (Doc. 41). In a nutshell, Plaintiff contends that he has attempted to meet and confer with Defendants for the purpose of preparing a joint Rule 26(f) report but Defendants have refused to engage in any meet-and-confer efforts. (Doc. 40 at 1-2.) Plaintiff further argues that (1) although Defendants have filed motions to dismiss, pending motions don't automatically result in a stay of the case, and (2) by refusing to meet and confer, Defendants violated an earlier order in this case, which specifically provided that "[o]utstanding motions . . . will not excuse the requirement to hold a Rule 26(f) conference or submit the joint filing." (*Id.* at 2.)

As explained below, although the Court is sympathetic to Plaintiff's desire to litigate this case expeditiously and appreciates Plaintiff's diligence in attempting to comply with the federal rules, the requested relief will be denied. As background, Rule 26(f) provides, in relevant part, that "[e]xcept . . . when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is

to be held or a scheduling order is due under Rule 16(b)." Rule 16(b) provides, in relevant part, that the district judge "must issue [a] scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared."

Here, all Defendants were served on November 2, 2018. The ninetieth day after that date is January 31, 2019. Also, Defendant Reagan filed a notice of appearance on November 5, 2018. The sixtieth day after that date is January 2, 2019. Thus, the parties were required to confer at least 21 days before January 2, 2019—that is, by December 12, 2018.

Nevertheless, these deadlines can be extended for "good cause," and courts have concluded that the existence of a pending motion to dismiss can qualify as good cause. *Jones v. iPawn Rodney Parham, LLC*, 2017 WL 6945575, *2 (E.D. Ark. 2017) ("At this juncture in the litigation, defendants have been served, but no defendant filed an answer. Instead, defendants filed a motion to dismiss. The Court found that to be good cause to hold the issuance of an initial scheduling order."). Here, Defendants filed motions to dismiss on November 27 and 30, 2018. (Docs. 32, 33.)[1] Both motions recently became fully briefed and will be ruled upon in due course. The Court concludes the existence of these pending motions constitutes good cause to delay the issuance of the scheduling order and the Rule 26(f) process. Additionally, Defendants have also filed a motion to deem this a "related case" and transfer it to a different judge. (Doc. 20.) The existence of that motion,

---

[1] The Court further notes that Defendants' obligation to provide disclosures under the District of Arizona's Mandatory Initial Discovery Pilot Project ("MIDP") has not yet arisen. Under the MIDP, these disclosure obligations arise once the defendant has filed an answer. (Doc. 31 at 5.) Here, Defendants haven't answered yet. Nor are their answers overdue. This is because they filed their motions to dismiss (Docs. 32, 33) before the deadline to file their answers (Doc. 24) expired. Although a previous iteration of MIDP order stated that "Parties must file answers, counterclaims, crossclaims, and replies within the time set forth in Rule 12(a)(1)-(3) *even if they have filed or intend to file a motion to dismiss or other preliminary motion*" (Doc. 4 at 5, emphasis added), the current version of the MIDP order—which was issued on November 1, 2018—doesn't include this italicized language. Now, the order provides that "Parties must file answers, counterclaims, crossclaims, and replies within the time set forth in Rule 12(a)." (Doc. 31 at 5.) And under Rule 12(a)(4), "[a] motion to dismiss . . . that is filed within the time to answer . . . suspends the time to answer." *Kerr v. U.S. Bank, N.A.*, 2017 WL 1393041, *2 (D. Nev. 2017).

which is currently pending before the proposed transferee judge, provides further good cause to delay the Rule 16 and Rule 26 deadlines.

Finally, Plaintiff is incorrect in his assertion that "Defendants['] refusal to engage in a Rule 26(f) conference . . . violates an order from this Court." (Doc. 40 at 2.) In support of this claim, Plaintiff cites the Court's standard preliminary order, which provides that "[o]utstanding motions or requests to continue the conference will not excuse the requirement to hold a Rule 26(f) meeting or submit the joint filing." (Doc. 29 at 2.) The cited language, however, appears in a paragraph setting forth the parties' obligations *after* the Court schedules the Rule 16 case management conference. The Court hasn't set a date for the Rule 16 conference yet (because Defendants haven't answered), so the parties' obligations under that particular paragraph haven't arisen.

Therefore,

**IT IS ORDERED** denying Plaintiff's request (Doc. 40) for a telephonic conference with the Court regarding Defendants' refusal to participate in a Rule 26(f) conference.

Dated this 7th day of February, 2019.

_____
Dominic W. Lanza
United States District Judge