**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Isabel, | No. CV-18-03217-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Michele Reagan, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's motion for leave to file a first amended complaint ("FAC"). (Doc. 55). Defendant Reagan opposes the motion (Doc. 57) but the County Defendants don't oppose it (Doc. 55 at 2).

The motion will be granted. Rule 15(a)(2) provides that courts "should freely give leave when justice so requires." The Supreme Court has identified several factors courts should consider in determining whether to grant leave to amend: (1) undue delay, (2) bad faith or dilatory motive on the movant's part, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party if the amendment is allowed, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the factors merit equal weight," however. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "[P]rejudice to the opposing party . . . carries the greatest weight." *Id.*

Here, Reagan's sole basis for opposing the motion is futility. Although it is true that "the test for futility is whether the amendment can survive a motion to dismiss under

Rule 12(b)(6)," *Fulton v. Advantage Sales & Mktg., LLC*, 2012 WL 5182805, *3 (D. Or. 2012), "[o]rdinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Fair Hous. Council of Cent. California, Inc. v. Nunez*, 2012 WL 217479, *4 (E.D. Cal. 2012); *see also Green Valley Corp. v. Caldo Oil Co.*, 2011 WL 1465883, *6 (N.D. Cal. 2011) (noting "the general preference against denying a motion for leave to amend based on futility").

The Court thus concludes that it would be most efficient, and create the cleanest record, to grant Plaintiff's request for leave to file the FAC and then consider any motions to dismiss after it has been filed. *Williams v. Keybank Nat'l Ass'n*, 2016 WL 7107765, *3 (D. Or. 2016) (granting leave to amend and "find[ing] that it would be preferable to consider the futility arguments in the context of a motion to dismiss for failure to state a claim, whereby the parties could fully brief the sufficiency of plaintiffs' allegations under the appropriate briefing schedule, through a procedural mechanism that would allow optimal focus on those arguments (instead of their being first raised only in opposition briefing)"); *Bentley v. Arizona Dep't of Child Safety*, 2018 WL 8262769, *2 (D. Ariz. 2018) (finding that defendants' "arguments to the sufficiency of the proposed amendment, even if merited, remain better left for full briefing on a motion to dismiss"). This is a purely procedural decision that should not be viewed as an implicit rejection of Reagan's substantive arguments. After Plaintiff files the FAC, Reagan may refile and restyle her response as a motion to dismiss the FAC and the County Defendants may file a motion to dismiss the FAC.

Accordingly, **IT IS ORDERED** that:

(1) Plaintiff's motion for leave to file an FAC (Doc. 55) is **granted**; and

(2) Plaintiff shall file his FAC by **July 8, 2019**.

Dated this 27th day of June, 2019.

Dominic W. Lanza
United States District Judge