Spencer G. Scharff, No. 028946
SCHARFF PLLC
502 W. Roosevelt Street
Phoenix, Arizona 85003
(602) 739-4417
spencer@scharffplc.com

Nathan Fidel, No. 025136
MILLER, PITT, FELDMAN & MCANALLY P.C.
2800 N. Central Ave, Suite 840
Phoenix AZ 85004
(602) 266-5557
nfidel@mpfmlaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Isabel, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Michele Reagan, in her individual capacity; Maricopa County; Adrian Fontes, in his official capacity as Maricopa County Recorder,<br><br>Defendants. | No. CV-18-03217-PHX-DWL<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(Class Action)**<br><br>**(Jury Trial Demand)**<br><br>Hon. Dominic W. Lanza |

David A. Isabel ("Plaintiff"), on behalf of himself and all others similarly situated, brings this Action against Defendants Michele Reagan, Maricopa County, and Adrian Fontes ("Defendants"), and alleges as follows:

1

**NATURE OF THE CASE**

1.      The right to vote is "a fundamental matter in a free and democratic society."  *Harper v. Va. State Bd. of Elections*, 383 U.S. 663, 667 (1966) (quotation marks omitted).  "No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live. Other rights, even the most basic, are illusory if the right to vote is undermined." *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964).  Plaintiff brings this lawsuit to protect this most precious of rights.

2.      This case concerns the disenfranchisement of hundreds of eligible Arizona voters who cast ballots in the November 2016 General Election.  These Arizona voters were lawfully registered to vote and cast their ballots in accordance with state and federal law.  Nevertheless, despite clearly established law, their votes were not counted.

3.      Plaintiff was denied his right to participate meaningfully in the November 8, 2016 General Election (the "November 2016 Election") because Defendants improperly deemed him ineligible to vote and refused to count his ballot.

**JURISDICTION AND VENUE**

4.      Plaintiff brings this action under 42 U.S.C. §§ 1983 and 1988 to redress the deprivation under the color of state law of rights secured by the United States Constitution and federal law.

5.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1357 because the matters in controversy arise under the Constitution and laws of the United States.

6.      Venue in this district is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and in this division.

7.      This Court has personal jurisdiction over Defendants.

## PARTIES

8.      Plaintiff David Isabel is a United States citizen and a resident of Arizona, residing in Phoenix, Arizona, in Maricopa County, within the jurisdiction of this Court. Mr. Isabel moved to Phoenix from New York on Wednesday, October 5, 2016 to serve as an officer in the Phoenix Police Department.   Six days later, on October 11, 2016, he registered to vote with the Arizona Motor Vehicle Department ("MVD").

9.      Defendant Michele Reagan is the Secretary of State for the State of Arizona and is the Chief Elections Officer for Arizona.   A.R.S. § 16-142.   As Arizona's Chief Elections Officer, the Secretary is responsible for overseeing the voting process in Arizona, and is empowered with broad authority to carry out that responsibility.   She is responsible for the ensuring Arizona's compliance with federal elections laws, including the National Voter Registration Act ("NVRA") and the Help America Vote Act ("HAVA").   She is also responsible for conducting the official canvass after a general election and certifying the election results.   *See* A.R.S. §§ 16-648, 16-650.   Defendant Reagan is sued in her individual capacity.

10.      Defendant Reagan acted under color of law at all times material to this complaint.

11.     Defendant Adrian Fontes is the elected County Recorder for Maricopa County, Arizona.  Defendant Fontes is the chief official responsible for overseeing elections in Maricopa County, and is empowered with broad authority to carry out that responsibility.  Defendant Fontes is the final policymaker for Maricopa County on matters relating to elections, including the verification, processing, and tabulation of ballots at issue in this lawsuit.  He is sued in his official capacity.

12.     Defendant Maricopa County, Arizona is a political subdivision formed and designated as such pursuant to Title 11 of the Arizona Revised Statutes.  Defendant Maricopa County can sue and be sued in its own name.  Maricopa County is liable for the practices and policies of Defendant Fontes and his predecessor, Helen Purcell.[1]

## FACTUAL ALLEGATIONS

### I.     BACKGROUND

13.     To be eligible to vote in a particular election, Arizona law requires that the voter's registration form be "received by the county recorder . . . prior to midnight of the twenty-ninth day" before that election.  A.R.S. § 16-120.

14.     In 2012, the 29th day before the general election was October 8, 2012, and, because that day was Columbus Day, the voter registration deadline in Arizona was October 9, 2012.  Therefore, ballots cast by Arizona voters who registered on October 9, 2012 were counted in the General Election that was held in November of 2012.

---

[1]     Defendant Fontes, in his official capacity, acts on behalf of and is the final policymaker for Maricopa County with respect to the conduct described in this lawsuit. If this is correct, naming Maricopa County as a defendant is redundant.

15.     Columbus Day is a state and federal holiday.  *See* A.R.S. § 1-301(A); 5 U.S.C. § 6103.

16.     In 2016, the 29th day before the November 2016 Election was also Columbus Day—Monday, October 10, 2016.

17.     Post offices were closed on Sunday, October 9th and on Monday, Columbus Day, October 10th.

18.     Arizona Motor Vehicle Division ("MVD") offices were closed on Saturday, October 8, 2016, Sunday, October 9, 2016, and Monday, October 10, 2016.

19.     Nevertheless, Defendant Reagan set the voter registration deadline for the November 2016 Election on Monday, October 10, 2016.

20.     Notably, on August 25, 2016, the Director of the Office of the Secretary of State's Elections Division (the "State Elections Director") emailed all of Arizona's county recorders notifying them that October 10, 2016 was the correct deadline and that the deadline "could not be lawfully moved to October 11th."

21.     On information and belief, the State Elections Director, at all relevant times, was acting under the direction, supervision, and control of Defendant Reagan, and held himself out as her agent.

22.     Defendants adopted a policy that deemed invalid any ballot cast in the November 2016 Election by a voter who registered on October 11, 2016 (the "October 10, 2016 Policy").

23.     The October 10, 2016 Policy represented the official policy of Defendant Maricopa County.

24.     More than 2,000 Arizonans registered to vote on October 11, 2016, including Plaintiff Isabel.

25.     Defendants never provided Plaintiff, or any other voter who registered on October 11, 2016, with any notification regarding their eligibility to vote in the November 2016 Election.

26.     Instead, on or around October 14, 2016, Defendants issued Plaintiff a Voter Identification Card, which listed his Date of Registration as October 11, 2016.

27.     Moreover, the Voter Identification Card was sent to Plaintiff with a mailer that included the following language:

> Your name and information appears in the General Register and this Voter Identification Card contains information relating to your registration on file.
>
> . . .
>
> DON'T FORGET to bring your identification with you to vote on Election Day!
>
> . . .

**IMPORTANT ELECTION DATES**
**FECHAS IMPORTANTES DE ELECCIONES**

NOVEMBER 08, 2016 GENERAL ELECTION

28.     On November 3, 2016, the Hon. Steven P. Logan of the United States District Court for the District of Arizona issued an order, which held, *inter alia*, that (1) "the Secretary erred in her application of Ariz. Rev. Stat. § 16-120"; and that (2) "the Secretary's voter registration deadline violated Section 8 of the [National Voter

Registration Act]." In sum, Judge Logan held that, under state and federal law, Tuesday, October 11, 2016 was the proper voter registration deadline for the November 2016 Election.

29.     Upon information and belief, the Defendants had notice of Judge Logan's order and its contents on or before November 8, 2016.

30.     Upon information and belief, the Defendants understood that Judge Logan's order established that the October 10, 2016 deadline violated federal and state law.

31.     Moreover, upon information and belief, Defendants understood that federal and state law *required* them to consider any voter who registered on October 11, 2016, including Plaintiff Isabel, eligible to cast a ballot in the November 2016 Election.

32.     This understanding is plainly reflected in the 2018 Elections Procedures Manual at § 1.12.1.3.3 ("Eligibility When Registration Deadline Falls on a Weekend or Holiday), which cites to Judge Logan's Order for the proposition that "the voter registration deadline **must** be moved closer to election day if the closure of State or Federal offices would cause a method of registration to be unavailable within the 30-day period preceding the next election." *See* 2018 Elections Procedures Manual at § 1.12.1.3.3 (emphasis added).

33.     On information and belief, Defendant Reagan personally and formally approved the 2018 Elections Procedures Manual, which included the language cited above.

34.     Moreover, on information and belief, the Arizona Attorney General reviewed Defendant Reagan's proposed 2018 Elections Procedures Manual, which included the language cited above, for legal errors, approved it without alterations, and submitted it to the Arizona Governor for his signature.

## II.     NOVEMBER 8, 2016 ELECTION

35.     On November 8, 2016, Plaintiff Isabel went to his assigned polling location to cast his ballot.  Although he presented sufficient identification to the poll workers, he was instructed to fill out a provisional ballot because he was not on the list of eligible voters.  Plaintiff Isabel completed a provisional ballot as instructed and deposited the completed ballot as instructed.

## III.     POST-ELECTION CONDUCT

36.     Arizona law requires each County Recorder to verify all provisional ballots within 10 calendar days after the general election.

37.     The provisional ballot that was cast by Plaintiff was verified, but not counted due to the October 10, 2016 Policy enacted and adopted by Defendants.

38.     Nevertheless, Defendants certified the results of the November 2016 Election knowing that the ballots cast by Plaintiff and others similarly situated were not counted in violation of State and Federal law.

39.     Specifically, on or about November 28, 2016, Defendant Maricopa County and Defendant Fontes's predecessor, certified the 2016 General Election Official Canvass.

40.     Specifically, on or about December 5, 2016, Defendant Reagan instructed the Assistant Secretary of State to serve as the Acting Secretary of State and certify the 2016 General Election Official Canvass.

41.     Defendant Reagan signed the 2016 General Election Official Canvass Certification as both the Secretary of State and the Acting Governor.

42.     Notably, Defendants never informed Plaintiff that his ballot was not counted.

43.     Plaintiff first learned that his ballot was not counted in 2017.

## IV.     CLASS ALLEGATIONS

44.     Plaintiff is a United States Citizen living in Arizona.  He brings this action against the Defendants both as an individual and as a representative of a class of all Arizona voters who had their ballots discarded due to the unlawful October 10, 2016 Policy, which set an unlawful voter registration deadline.

45.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) to certify a class of individuals who did not have their ballots counted due to the unlawful October 10, 2016 voter registration deadline.

   a.  Plaintiff seeks to represent a class of all Arizona voters who registered to vote on October 11, 2016 and cast a provisional ballot in the November 8, 2016 General Election.

   b.  Plaintiff also seeks to represent a subclass of all Maricopa County voters who registered to vote on October 11, 2016 and cast a provisional ballot in the November 8, 2016 General Election.

46.     The members of the Class and Subclass are so numerous that joinder of all members is impracticable.   The Class and Subclass consist of hundreds of individuals who registered to vote on October 11, 2016 and cast a provisional ballot in the November 8, 2016 General Election.

47.     There are questions of law and fact common to the Class and Subclass, including:

a.     Whether the Defendants violated the Class and Subclass members' right to register to vote by adopting a voter registration deadline that did not comply with the National Voter Registration Act;

b.     Whether the Defendants violated Class and Subclass members' right to vote by refusing to count their ballots and certifying election results that did comply with the Help America Vote Act;

c.     Whether the Defendants violated Class and Subclass members' federal and constitutional rights by engaging in conduct that led to the disenfranchisement of all voters who registered on October 11, 2016.

48.     Plaintiff's claims are typical of those of the Class and Subclass because the policies, practices, and conduct that violated Plaintiff's rights are the same as those that were applied to all members of the Class and Subclass.   Plaintiff is a member of the Class and Subclass he seeks to represent.

49.     Plaintiff, as the Class and Subclass Representative, will fairly and adequately protect the interests of the Class and Subclass members and is unaware of any conflict among or between the Class and Subclass members that would preclude their fair

and adequate representation.  Class counsel has the legal knowledge and resources to fairly and adequately represent the interests of all class members in this action.

50.    Defendants have acted on grounds applicable to the Class and Subclass, in that their policies, practices, and conduct have affected all Class and Subclass members.

## FIRST CAUSE OF ACTION

### (42 U.S.C. § 1983; Violation of the National Voter Registration Act Against Defendants Reagan, Maricopa County, and Fontes)

51.    Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and the paragraphs in the counts below as though fully set forth herein.

52.    The purpose of the National Voter Registration Act ("NVRA") is to, among other things, "establish procedures that will increase the number of eligible citizens who register to vote in elections for Federal office."  52 U.S.C. § 20501(b)(1).

53.    To accomplish this, the NVRA requires that states provide for voter registration via several methods: registration with an application for a driver's license, 52 U.S.C. § 20504; registration by mail, 52 U.S.C. § 20505; and in-person registration at registration sites or government offices, 52 U.S.C. § 20506.

54.    Section 8 of the NVRA, 52 U.S.C. § 20507(a)(1), requires that each state to ensure that an eligible applicant is registered to vote in an election if "the valid voter registration form of the applicant" is: i) "submitted to the appropriate State motor vehicle authority;" ii) "postmarked;" iii) "accepted at the voter registration agency;" or iv) otherwise "received by the appropriate State election official . . . not later than the lesser of 30 days, or the period provided by State law, before the date of the election."  52 U.S.C. § 20507(a)(1)(A)–(D).

55.     Arizona law requires that voter registration forms be "received . . . prior to midnight of the twenty-ninth day preceding the date of the election."  A.R.S. § 16-120. Twenty-nine days before the November 2016 Election was October 10, 2016, which is the registration deadline the Defendants set.  That date, however, fell on Columbus Day. It was thus impossible for Arizonans to register using certain NVRA-mandated methods on that date.  For example, MVD and post offices were closed on Columbus Day.  The same was true of October 9, 2016 because it was a Sunday.  Therefore, Arizonans were required to register to vote via these methods, by the latest, Saturday, October 8, 2016. This deadline was 31 days before the election and violates the NVRA.  *See* 52 U.S.C. § 20507(a)(1).

56.     Put differently, given that 29 days before the November 2016 Election fell on Columbus Day, the first available day to require voters to register through the NVRA methods that was "not later" than 29 days before the election was Tuesday, October 11, 2016.   Accordingly, Defendants' insistence that voters who registered by October 11, 2016 were ineligible vote in the November 2016 Election was inconsistent with, and a violation of, the NVRA and Arizona law.

57.     Defendants, either by evil motive or intent, or through reckless, callous, and deliberate indifference to Plaintiff's federally protected rights, violated 52 U.S.C. § 20507(a)(1).   To the extent that these violations were also carried out by their subordinates, Defendants are also liable for such violations because Defendants either directed their subordinates' conduct, or had knowledge of and acquiescenced in the unconstitutional conduct carried out by their subordinates.

58.     Defendants' violations of 52 U.S.C. § 20507(a)(1) directly and proximately caused Plaintiff to suffer injuries and damages.

## SECOND CAUSE OF ACTION

### (42 U.S.C. § 1983; Violation of the Help America Vote Act Against Defendants Reagan, Maricopa County, and Fontes)

59.     Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and the paragraphs in the counts below as though fully set forth herein.

60.     Under the Help America Vote Act ("HAVA"), "[i]f the appropriate State or local election official to whom [a] [provisional] ballot or voter information is transmitted … determines that the individual is eligible under State law to vote, the individual's provisional ballot shall be counted as a vote in that election in accordance with State law." 52 U.S.C. § 21082(a)(4).

61.     Because all of the provisional ballots described herein were cast by voters, who should have been eligible to vote under state law, the plain language of 52 U.S.C. § 21082(a)(4) required that those votes should have been counted.

62.     Even if the October 11th Registrants were not eligible under state law to vote in the November 2016 Election, HAVA expressly precludes determinations based on "State requirements [that are] inconsistent with the [NVRA]." 52 U.S.C. § 21084.

63.     The October 10, 2016 Policy is a State requirement inconsistent with the NVRA.

64.     Thus, Defendants violated HAVA when they based their eligibility determinations on the October 10, 2016 Policy.

65.     Defendants, either by evil motive or intent, or through reckless, callous, and deliberate indifference to Plaintiff's federally protected rights, violated 52 U.S.C. § 21082(a)(4) and 52 U.S.C. § 21084.   To the extent that these violations were also carried out by their subordinates, Defendants are also liable for such violations because Defendants either directed their subordinates' conduct, or had knowledge of and acquiescenced in the unconstitutional conduct carried out by their subordinates.

66.     Defendants' violation of 52 U.S.C. § 21082(a)(4) and 52 U.S.C. § 21084 directly and proximately caused Plaintiff to suffer injuries and damages.

### THIRD CAUSE OF ACTION

**(42 U.S.C. § 1983; Violation of the Right to Vote Secured by the U.S. Constitution Against Defendants Reagan, Maricopa County, and Fontes)**

67.     Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and the paragraphs in the counts below as though fully set forth herein.

68.     Article I, Section 2 of the United States Constitution provides that "[t]he House of Representatives shall be composed of Members chosen every second Year by the People of the several States . . . ."

69.     Article I, Section 2 secures the right of qualified voters within a state to cast their ballots and have them counted in Congressional elections.   *See United States v. Classic*, 313 U.S. 299, 314–15 (1941) ("Section 2 of Article I commands that Congressmen shall be chosen by the people of the several states by electors, the qualifications of which it prescribes. . . . Obviously included within the right to choose, secured by the Constitution, is the right of qualified voters within a state to cast their

14

ballots and *have them counted at Congressional elections*. This Court has consistently held that this is a right secured by the Constitution.") (emphasis added).

70.    Subsequent amendments to the Constitution have repeatedly acknowledged, secured, and expanded the Constitutionally-protected right to vote.  *See, e.g.*, Amend. XV, § 1 ("The *right of citizens of the United States to vote* shall not be denied or abridged by the United States or by any state on account of race, color, or previous condition of servitude.") (emphasis added); Amend. XVII ("The Senate of the United States shall be composed of two Senators from each state, elected by the people thereof . . . ."); Amend. XIX ("*The right of citizens of the United States to vote* shall not be denied or abridged by the United States or by any state on account of sex.") (emphasis added); Amend. XXIV ("*The right of citizens of the United States to vote in any primary or other election for President or Vice President, for electors for President or Vice President, or for Senator or Representative in Congress*, shall not be denied or abridged by the United States or any state by reason of failure to pay any poll tax or other tax.") (emphasis added); Amendment XXVI ("*The right of citizens of the United States*, who are 18 years of age or older, *to vote*, shall not be denied or abridged by the United States or any state on account of age.") (emphasis added).

71.    Because all of the provisional ballots described herein were cast by qualified voters within the State of Arizona, the U.S. Constitution required Defendants to count their votes.

72.    Defendants, either by evil motive or intent, or through reckless, callous, and deliberate indifference to Plaintiff's federally protected rights, violated Plaintiff's right to

vote in Congressional elections.  To the extent that these violations were also carried out by their subordinates, Defendants are also liable for such violations because Defendants either directed their subordinates' conduct, or had knowledge of and acquiescenced in the unconstitutional conduct carried out by their subordinates.

73.     Defendants' violation of the Constitutionally protected right to vote directly and proximately caused Plaintiff to suffer injuries and damages.

**WHEREFORE**, Plaintiff prays as follows:

1.     For an order certifying a Class and Subclass pursuant to Rule 23(b)(2);

2.     For compensatory and punitive damages in an amount to be determined according to proof[2];

3.     For costs of suit and attorneys' fees as provided by law; and

4.     For such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action of all issues so triable.

---

[2]     Punitive damages are only sought against Defendant Reagan.

Dated: June 27, 2019

**SCHARFF PLLC**

By: *s/ Spencer G. Scharff*
     Spencer G. Scharff

**MILLER, PITT, FELDMAN
&MCANALLY P.C.**

By: *s/ Nathan Fidel*
     Nathan Fidel

*Attorneys for Plaintiff*
David A. Isabel

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2019, I electronically transmitted the above document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*s/ Spencer G. Scharff*