1

2

3

4

5

Timothy A La Sota, AZSBN # 020539
**TIMOTHY A. LA SOTA, PLC**
2198 E. CAMELBACK RD., SUITE 305
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 515-2649
tim@timlasota.com
*Attorney for Defendant Michele Reagan*

6

7

8

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

9

10

11

12

13

14

15

16

17

David  Isabel, individually and on
behalf of all others similarly situated,

Plaintiff,

v.

Michele Reagan, in her individual
capacity; Maricopa County; Adrian
Fontes, in his official capacity as
Maricopa County Recorder,

Defendants.

Case No. 2:18-cv-03217-DWL

**DEFENDANTS' REPLY TO
PLAINTIFF'S RESPONSE TO
HER MOTION TO DISMISS
FIRST AMENDED COMPLAINT**

Honorable Dominic W. Lanza

(oral argument requested)

18

19

20

Defendants Michele Reagan (the "Secretary"), Maricopa County, and Maricopa

County Recorder Adrian Fontes hereby submit their Reply to Plaintiff's Response to the

Defendants' Motion to Dismiss the First Amended Complaint.

21

22

23

24

25

The Response to the Motion to Dismiss is noteworthy in that the Plaintiff spends

about as much time arguing with this and other federal courts as it does attempting to

rebut the Motion to Dismiss.  The Defendants reiterate their request that this Court

dismiss the First Amended Complaint.

26

27

I.   **THIS COURT'S RULING ON THE DEFENDANTS' PRIOR MOTION TO
DISMISS APPLIED THE PROPER LEGAL STANDARD.**

28

At the outset, the Plaintiff attempts to turn <u>its</u> burden of pleading a cognizable

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

claim on its head.  *See, e.g., Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988)(noting that the the plaintiff bears the burden of pleading sufficient facts to state a claim and courts will not supply essential elements of a claim that are not pled).  The Amended Complaint fails to plead a cognizable claim, and instead tries to make up for this by claiming this Court drew "unreasonable inferences" against the Plaintiff.

The requirement that reasonable inferences be drawn in the non-moving party's favor does not require this Court to guess at things that, if true, Plaintiff could have easily alleged in his Complaint, such as if there were a reason that Plaintiff could not have registered in time for the October 10, 2016 deadline.  *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir.1983)("[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence, but is pure conjecture and speculation.")

The reasonable inference requirement also does not require the Court to ignore the obvious, such as the fact that Service Arizona is an online registration platform that does not follow 8 to 5 business hours.  Service Arizona does not close when the Motor Vehicle Division Offices close, and is available at any time[1].  And it is not as if the nature of this shortcoming in Plaintiff's Amended Complaint is not readily apparent.  As Judge Logan found in the 2016 case: "The [Plaintiff] Committees fail to identify a coherent link between the October 10, 2016 deadline and the alleged disenfranchised voters who registered on October 11, 2016…"  *Arizona Democratic Party v. Reagan*, 2016 WL

---

[1] The Court may take judicial notice of this obvious and indisputable fact under Rule 201(b), F.R.Civ.P.  This Court may also take judicial notice of the fact that Maricopa County, where Plaintiff resides according to his Amended Complaint, does not observe Columbus Day as a holiday.

2

6523427, at *10 (D.Ariz. 2016).  That was true then, and is true of this Plaintiff.

Lastly, whatever impression Plaintiff felt he was left with by election officials is irrelevant.  Whether he thought he could vote or not would not change the fact that Plaintiff did not register in time, by the October 10, 2016 deadline, to vote in the 2016 general election.

## II.      THE PLAINTIFF CANNOT ALLEGE A VIOLATION OF A RIGHT SECURED BY THE CONSTITUTION

### A.  Plaintiff was not qualified to vote in the November 8, 2016 general election

This matter had been briefed extensively, so the Defendants do not have much to add to it.  The fact is that October 10, 2016 was the voter registration deadline.  A deadline has to be set so that election officials can determine which ballots to count.  The effort to move that deadline to October 11, 2016 failed.  Plaintiff cannot seem to accept the fact that this previous effort was fully adjudicated and the result was the deadline remained October 10, 2016.

Plaintiffs' claim that he can simply "allege" that he "was eligible to cast a ballot on November 8, 2016[2]" to survive a Motion to Dismiss is not correct.  At the Motion to Dismiss level this Court need only accept the adequately pled factual allegations of Plaintiff, not its legal conclusions.  *See, e.g., Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1985, 550 U.S. 544, 589 (2007)(stating that for the purposes of a motion to dismiss the Court must take all of the factual allegations in the complaint as true, but the Court is not bound to accept as true a legal conclusion couched as a factual allegation).

---

[2] Response to Motion to Dismiss, p. 5, lines 6-10.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.  Plaintiff's attempt to Dismiss *Rosario* and *Barilla* is unavailing**

At the outset, Plaintiff again tries some revisionist history by claiming that he was an eligible voter on November 8, 2016.  He was not.  Just as in *Rosario* and *Barilla*, the Plaintiff's voter registration was untimely with regard to the November 2016 general election.  *Rosario v. Rockefeller*, 410 U.S. 752 (1973); *Barilla v. Ervin*, 886 F.2d 1514, 1525 (9th Cir. 1989) overruled on other grounds by *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

Plaintiff claims that under Defendants' reading of *Rosario* and *Barilla*, "states would be free to throw out ballots of any voter who registers on the last day of the registration period because they could have registered sooner."  (Response to Motion to Dismiss, p. 6, lines 6-9).  This is not accurate—Defendants have merely argued that there is nothing about the facts alleged by Plaintiff that would lead to a conclusion that the Defendant was disenfranchised, just as Judge Logan found.  *Arizona Democratic Party*, 2016 WL 6523427, at *10.

Plaintiff's claim that Defendants have not proffered a single relevant state policy interest justifying the October 10, 2016 deadline is an unhelpful red herring.  A motion to dismiss tests the sufficiency of Plaintiff's complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  It does not test the legal sufficiency of a defendant's justification for its course of action.

As it is, there is clearly legally sufficient justification for Defendants' action.  For example "[a] State indisputably has a compelling interest in preserving the integrity of its election process…Confidence in the integrity of our electoral processes is essential to the

4

functioning of our participatory democracy…" *Purcell v. Gonzalez*, 127 S.Ct. 5, 7, 549 U.S. 1, 4 (2006). Shifting deadlines at the last minute, regardless of the justification, is simply not a recipe for maintaining for the public's faith in the integrity of elections. There are also fairness issues—what about the person who comes forward and claims he or she would have registered to vote on October 11, 2016 but, based on the deadline set, did not bother?

The deadline of October 10, 2016 did not disenfranchise the Plaintiff.

**C.      The Defendants do not concede any violation of Plaintiff's rights, and Plaintiff offers nothing new of substance in his already failed Qualifications Clause cause of action**

The Defendants did not violate Plaintiff's right to vote and make no such concession. Registration deadlines are completely consistent with the Constitution. *Barilla*, 886 F.2d at 1525 (finding plaintiffs were not "absolutely disenfranchise[d]" by the challenged provision...They could have registered in time for the... election, but they failed to do so. What [was] at issue ... [was] not a 'ban' on the plaintiffs' right to vote, but rather, a 'time limitation' on when the plaintiffs had to act in order to be able to vote.") . What Judge Logan found is also true here:

> The holiday deadline did not limit the methods of voter registration; it merely imposed a timeframe in which voters had to act in order to register to vote in the general election. Nor did the deadline impose restrictions in a disproportionate manner because only certain methods for voter registration were available on Columbus Day. The deadline did not prevent individuals from registering to vote in-person at the MVD or by postmarked mail; it merely required those wishing to do so during open operating business hours at some date and time prior to October 10, 2016. The voters at issue here could have registered in time for the general election, but unfortunately did not do so.

*Arizona Democratic Party*, 2016 WL 6523427, at *9.

Despite shifting from theory to theory, in trial and error fashion, on how the Constitution provides for this particular cause of action, the Plaintiff is still unable to identify a cognizable claim.

The Plaintiff spills much ink trying to revive its Qualifications Clause claim. Central to this is a convoluted theory it has developed about his "right to choose" being violated. Plaintiff quotes some general language on the Qualifications Clause, but it is to no avail, because the case law on the Qualifications Clause is clear. As this Court found, "The Secretary couldn't have violated the Qualifications Clause here because she determined Isabel to be unqualified to participate in the elections for both the Arizona House of Representatives and the U.S. House of Representatives." (Order of Dimissal, p. 20, lines 1-4); *see also Tashjian v. Republican Party of Connecticut*, 107 S.Ct. 544, 556, 479 U.S. 208, 229 (1986).

Plaintiff still has stated a claim upon which relief may be granted with respect to this cause of action.

## III.   PLAINTIFF'S HAVA CAUSE OF ACTION CONTINUES TO FAIL

### A.   Plaintiff's Claim that Defendant's interpretation of the Savings Clause results in surplusage is wrong, and Plaintiff makes no attempt to counter Defendants' points on this

Plaintiff fails completely to counter the Defendants' argument regarding the purpose of HAVA's Savings Clause. Plaintiff merely repeats general case law on statutory interpretation and the desire to avoid rendering words surplusage. Plaintiff ignores how Defendants pointed out that their reading of the Savings Clause, which is the

6

plain reading of it, does not result in surplusage but merely ensures that compliance with

HAVA could not possibly serve as a justification for not complying with the National

Voter Registration Act.

Plaintiff also has nothing to say to explain why Congress would back into such a

radical shift in the balance of power between the federal government and states *vis a vis*

elections, and instead affect this change so backhandedly through a savings clause and a

cross reference.  Plaintiff also does not address the case law cited by Defendants that the

surplusage rule of construction is not absolute.  Instead, the Supreme Court has indicated

that depending on the statute interpreted, "rigorous application of that canon" may not be

"a particularly useful guide to a fair construction."  *King v. Burwell*, 135 S.Ct. 2480, 2483,

192 L.Ed.2d 483 (2015).

Defendants' proffered reading of HAVA is a much more natural, likely reading

than Plaintiff's, which strings together a boilerplate Savings Clause with a cross reference

in a futile attempt to squeeze out an unintended result.

**B.      HAVA does not create a federal right enforceable under Section 1983**

The Plaintiff here sets up a classic straw man argument here, claiming that

"[d]efendants cursorily contend that HAVA is not enforceable under Section 1983

because it does not include a private right of enforcement."  (Response to Motion to

Dismiss, p. 12, lines 5-6).  This misstates the Motion to Dismiss, and more importantly,

HAVA.

It is not accurate to state that HAVA contains no provisions on private

enforcement.  It does provide for a private remedy, but this private remedy is through an

administrative complaint process.  Plaintiff's argument, and the cases cited for the proposition that absence of an avenue for relief for private individuals is indicative that § 1983 is available, is inapplicable.  Here, Congress clearly thought about a private remedy and concluded it should be administrative.  Why would Congress create a private remedy but explicitly limit it to an administrative process if it intended § 1983 to apply?

The cases that Plaintiff cites on this, *City of Rancho Palos Verdes, Cal. v. Abrams*, 125 S.Ct. 1453, 1458, 544 U.S. 113, 121 (2005), and *Carr v. Wilson-Coker*, 2006 WL 8447761, at *5 (D. Conn. Jan. 19, 2006), actually support the Defendants. In *City of Rancho Palos Verdes*, the opinion itself noted that the lack of even a private administrative remedy as a reason for concluding that § 1983 was available.  But here, we have a private administrative remedy.  *Id.(* "The provision of an express, private means of redress in the statute itself is ordinarily an indication that Congress did not intend to leave open a more expansive remedy under § 1983.")

In *Carr v. Wilson-Coker*, the Court stated that "[w]hen such a remedy is not built in by Congress, however, and there is no explicit provision  foreclosing  such  a  remedy,  it is  difficult  indeed  to  make  the  showing  that a section  1983  action  would  be inconsistent  with  Congress  carefully  tailored  scheme." 2006  WL  8447761,  at  *5. Here, we have a built in remedy.  The fact that it is not the remedy that that Plaintiff wants, that is, it does not allow him to use HAVA to support his claim for monetary damages, is of no moment.

The Plaintiff attempts to dismiss the Third Circuit's opinion in *American Civil Rights Union v. Philadelphia City Commissioners* as "error-laden."  872 F.3d 175, 184 (3d Cir. 2017).  It is necessary here to cut through, at least for the moment, the non-binding cases interpreting HAVA from other jurisdictions and return to the source of the

8

law, HAVA itself.  And the question remains as to why Congress would provide for an administrative remedy, and not provide for a private judicial remedy, and yet still intend to allow for a private judicial cause of action?  It does not make sense.  Plaintiff is fond of rules of statutory construction, but in this context he omits one that cuts against his argument.  "[T]he *expressio unius*, or *inclusio unius*, principle is that '[w]hen a statute limits a thing to be done  in a particular mode, it includes a negative of any other mode." *Longview Fibre Co. v. Rasmussen*, 980 F.2d 1307, 1312–13 (C.A.9,1992)(*quoting Raleigh & Gaston Ry. Co. v. Reid*, 80 U.S. (13 Wall.) 269, 270, 20 L.Ed. 570 (1871)).

The *expressio unius*, *inclusio unius* rule of construction supports Defendants' conclusion that no private <u>judicial</u> remedy is available.  This is not a case where Congress was silent on a private remedy.  Congress clearly thought about it and limited it to an administrative process.

### C.      Plaintiff's Reference to the Constitution's Elections Clause is Completely Unhelpful

Plaintiff attempts to make up for the shortcomings in its arguments with a diversionary, red herring pivot to the Constitution's Election Clause and Congress' broad powers under it.  This is apparently Plaintiff's response to the points raised by the Defendants, but the Plaintiff addresses a legal point that was never made and was never in contention.

There is no dispute as to the nature of Congress' power here.  But even if Congress could have effected the change in law that Plaintiff wishes they did does not mean they did so.

## IV.    THE PLAINTIFF MISSTATES CASE LAW ON THE ROLE OF THE COURT IN AN ADVERSARIAL PROCEEDING

The Plaintiff's representation that the Supreme Court has "instructed district and

appellate courts to only consider arguments properly raised by a party" is not correct. (Response to Motion to Dismiss, p. 15, lines 16-17).

It its true that courts generally rely on the parties to develop the issues, but it is not accurate to say that the Supreme Court has "instructed" lower courts to rely exclusively on issues and arguments raised by the parties.  And it is not true that the Court is precluded from deciding a case on other grounds if it views those grounds as the proper law to apply, perhaps in a manner that the parties overlooked.  Just because one party claims the earth is flat, and the other party claims it s rectangular does not require the Court to choose between those assertions.

The other cases cited by the Plaintiff do not support the argument that this Court is precluded from considering arguments not raised by parties.  *Willms v. Sanderson* involved a reversal because the lower court actually recommended a course of action for a party to take.  723 F.3d 1094, 1099 (9th Cir. 2013).  Clearly there is no such suggestion here.  *United States v. IASIS Healthcare*, an unpublished district court opinion, merely indicated that that Court would not consider arguments not raised by the parties, but did not state that the Court was powerless to consider such arguments.  2016 WL 6610675 at * 10 (D. Ariz. 2016).  And *Artichoke Joe's Cal. Grand Casino v. Norton* dealt with the subject of amicus briefs, none of which are at issue here.  353 F.3d 712, 719 n.10 (9th Cir. 2003).

## V.   CONCLUSION

The Amended Complaint leaves Plaintiff where he was with his original Complaint.  Plaintiff remains without a claim upon which relief may be granted.  The

1   Defendants respectfully request that this case be dismissed in its entirety.

2   RESPECTFULLY SUBMITTED this 1st day of August, 2019.

3
                                        **TIMOTHY A. LA SOTA, PLC**
4
5                          By:    /s/ Timothy A. La Sota
                                  Timothy A. La Sota
6                                 *Attorney for Defendant Michele Reagan*

7
                                        **WILLAM G. MONTGOMERY**
8                                       **MARICOPA COUNTY ATTORNEY**

9                          By:    /s/ M. Colleen Connor
                                  TALIA J. OFFORD
10                                M. COLLEEN CONNOR
11                                Deputy County Attorneys
                                  *Attorneys for Maricopa County Defendants*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2019, I electronically transmitted the above document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*s/ Timothy A. La Sota*