Spencer G. Scharff, No. 028946
SCHARFF PLLC
502 W. Roosevelt Street
Phoenix, Arizona 85003
(602) 739-4417
spencer@scharffplc.com

Nathan Fidel, No. 025136
MILLER, PITT, FELDMAN & MCANALLY P.C.
2800 N. Central Ave, Suite 840
Phoenix AZ 85004
(602) 266-5557
nfidel@mpfmlaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Isabel, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br>v.<br><br>Michele Reagan, in her individual capacity; Maricopa County; Adrian Fontes, in his official capacity as Maricopa County Recorder,<br><br>               Defendants. | No. 2:18-cv-03217<br><br>**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Hon. Dominic Lanza |

The Defendants refused to count hundreds of provisional ballots cast by voters like Plaintiff David Isabel who *timely* registered to vote on October 11, 2016. Mr. Isabel now sues for damages under 42 U.S.C. § 1983 for Defendants' willful violation of his right to vote, and seeks to certify a class of similarly situated individuals to prosecute the same claims pursuant Rule 23 of the Federal Rules of Civil Procedure. Specifically, this Motion seeks an order certifying a Rule 23(b)(3) State-wide Class and County-wide Sub-Class (the "Proposed Classes"). Because common issues predominate over individual

ones, and the Proposed Classes meets the other requirements of Rule 23, this Court should certify the Proposed Classes.

## I.  FACTUAL BACKGROUND

In 2016, Defendant Michele Reagan (the "Secretary") purported to set the voter registration deadline as October 10, 2016, which was also Columbus Day, a Monday holiday.  [Doc. 60 ("FAC") at ¶¶ 13, 15–19.]  The same issue had arisen in 2012, when the 29th day before the election also fell on Columbus Day—a state and federal holiday, thus extending the registration period by a day.  [FAC ¶ 14.]  Despite this precedent from 2012, the Secretary announced that October 10th was the correct deadline and that it "could not lawfully be moved to October 11th."  [FAC ¶ 20.]

On November 8, 2016, the Defendants' policy was to inform October 11th Registrants that they were unable to cast a regular ballot but could cast a provisional ballot.  Like Plaintiff, hundreds of October 11th Registrants did so, but their ballots were not counted—a willful violation of federal and state law.

## II.  DEFINITION OF THE PROPOSED CLASS AND SUB-CLASS

Plaintiff seeks to be appointed as class representative of two classes:

Statewide Class — All Arizona voters who registered to vote on October 11, 2016 and cast a provisional ballot in the November 8, 2016 General Election, and whose provisional ballot was not counted.

Maricopa Sub-Class — All members of the Statewide Class who were residents of Maricopa County according to their October 11, 2016 voter registration.

## III.  LEGAL STANDARD

The Court may certify a class if the requirements of Federal Rule of Civil Procedure 23(a) are met, along with one of the prongs of Rule 23(b).  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011).  Although "a court's class-certification analysis must be rigorous and may entail some overlap with the merits of the plaintiff's

underlying claim, Rule 23 grants courts no license to engage in free ranging merits inquiries at the certification stage." *Amgen Inc. v. Conn. Ret. Plans and Trust Funds*, 568 U.S. 455, 465–66 (2013) (quoting *Dukes*, 564 U.S. at 351) (quotation marks omitted). Instead, "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id*. at 466.

As described below, Plaintiff readily satisfies the standards for certification.

## IV.   ARGUMENT

Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure provides that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."   Given the concerns raised by Defendants regarding the "time-induced memory lapse[s]" of necessary witnesses, Plaintiff submits that it is both practicable and necessary to certify the Action as this time.  [*See* Doc. 32 at 11–12].

### A.   The Proposed Classes Meet the Requirements of Rule 23(a).

Rule 23(a) provides that a district court may certify a class only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).  That is, the class must satisfy the requirements of numerosity, commonality, typicality, and adequacy of representation to maintain a class action.  *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012).

#### 1.   The Classes Are Well-Defined and Ascertainable.

The Ninth Circuit has held that Rule 23 "does not impose a freestanding administrative feasibility prerequisite to class certification." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1126 (9th Cir. 2017).   Although a proposed class must be

3

ascertainable in the sense that the proposed class must be sufficiently defined and not vague, "ascertainability" is not a threshold requirement for class certification. *Id.* at 1124 n.4 (citing *Probe v. State Teachers' Ret. Sys.*, 780 F.2d 776, 780 (9th Cir. 1986)). Rather, ascertainability is relevant only to the extent it is implicated by Rule 23's enumerated requirements. *Id.* (citing *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1136–39 (9th Cir. 2016) (discussing ascertainability in the context of Rule 23(b)(3)'s predominance requirement)).

In any case, Plaintiff has established a means of determining class membership by reference to objective, administratively feasible criteria. Here, the Defendants maintain a database that can easily identify the names and addresses of each October 11th Registrant who cast a provisional ballot in the November 2016 Election. Thus, the Plaintiff's proposed class is sufficiently defined.

## 2.   The Classes Are Sufficiently Numerous.

A putative class may be certified only if it "is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The numerosity requirement imposes no absolute limitations; rather, it "requires examination of the specific facts of each case." *Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 330 (1980). "The Ninth Circuit has not offered a precise numerical standard; other District Courts have, however, enacted presumptions that the numerosity requirement is satisfied by a showing of 25–30 members." *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 654 (C.D. Cal. 2000); *see also Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010) ("In general, courts find the numerosity requirement satisfied when a class includes at least 40 members."). "In determining whether numerosity is satisfied, the court may consider reasonable inferences drawn from the facts before it. *See Gay v. Waiters' & Lunchmen's Union*, 549 F.2d 1330, 1332 n.5 (9th Cir. 1977).

Here, public records demonstrate that the proposed classes easily satisfy the numerosity requirement. In Maricopa alone, there were well-over 200 individuals who

registered on October 11, 2016 and cast a provisional ballot that was not counted for that reason alone. Maricopa County labeled these ballots with a specific code—B12. *See* Partial Response to D. Isabel's Public Records Request, attached as **Exhibit A**.[1]

### 3. There Are Common Questions of Law or Fact.

Rule 23(a)(2) states that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This requirement has "been construed permissively, and all questions of fact and law need not be common to satisfy the rule." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (citation, internal quotation marks, and alteration omitted). Indeed, "for purposes of Rule 23(a)(2)[,] even a single common question will do." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359, (2011) (citation, internal quotation marks, and alteration omitted); *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012). ("[C]ommonality only requires a single significant question of law or fact."). Thus, "[w]here the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class, commonality exists." *Parsons v. Ryan*, 754 F.3d 657, 675 (9th Cir. 2014) (quoting *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1029 (9th Cir. 2012)).

Here, there are legal and factual issues common to the underlying claims that are susceptible to class-wide determination. For example, class members each suffered the same injury—namely, their ballots were not counted for the same unlawful reasons. All of Plaintiff's claims are premised on and dependent on the notion that Defendants violated the law by adopting and implementing a policy that unlawfully deemed the October 11th Registrants ineligible. In other words, this same policy lies at the heart of every claim and its lawfulness is "apt to drive the resolution" of the legal issues in this

---

[1]      In an abundance of caution, the names of the potential class members—other than Mr. Isabel's—have been partially redacted and their voter ID numbers have been fully redacted.

case. *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (quoting *Dukes*, 564 U.S. at 350).

As set forth more fully below, this is merely one of multiple common issues of fact and law, which predominate over any individual issues that may be present.

### 4. The Claims and Defenses of the Named Representative Are Typical of the Claims and Defenses of the Class.

Under Rule 23(a)(3), a representative party must assert claims or defenses that are "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality is satisfied "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (citation omitted). This requirement is permissive and requires only that the representative's claims "are reasonably co-extensive with those of the absent class members; they need not be substantially identical." *Meyer v. Portfolio Recovery Assocs.*, LLC, 707 F.3d 1036, 1042 (9th Cir. 2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). The purpose of the typicality requirement is to assure that "the interest of the named representative aligns with the interests of the class." *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1141 (9th Cir. 2016) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Here, Plaintiff easily establishes typicality. Mr. Isabel, like the class as a whole, registered to vote on October 11, 2016 and submitted a provisional ballot in the November 2016 General Election before the polls closed. *See* Ex. 1 at 4. Defendants did not count his ballot for the exact same reasons that they did not count the ballots of the other class members. As the Ninth Circuit has instructed, "it is sufficient for typicality if the plaintiff endured a course of conduct directed against the class." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118 (9th Cir. 2017).

5. **The Representative Party Will Fairly and Adequately Protect the Interests of the Classes.**

Finally, Rule 23(a)(4) asks whether "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This inquiry seeks to uncover conflicts of interest between named parties and the class they seek to represent, thereby guarding the due-process right of absent class members not to be bound to a judgment without adequate representation by the parties participating in the litigation. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 158 n.13 (1982); *Hansberry v. Lee*, 311 U.S. 32, 42–43 (1940). Adequacy of representation turns upon resolution of two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015) (citation omitted).

Here, Plaintiff attests that he has and will continue to assist his attorneys in vigorously prosecuting this action and will protect the interests of the Class. *See* Declaration of David Isabel at ¶ 10, attached as **Exhibit B**. He also affirms that he does have any conflicts of interest with any other members of the Proposed Class or the Defendants. *Id.* at ¶¶ 7–8.

B. **Class Certification is Appropriate Under Rule 23(b).**

Rule 23(b)(3) can be broken into two component pieces: (1) predominance, and (2) superiority.

1. **Common Issues Predominate Over Individual Issues.**

Under Rule 23(b)(3), plaintiffs must show "that the questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). The Rule 23(b)(3) predominance requirement is "even more demanding" than Rule 23(a)'s commonality counterpart. *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013). Predominance "tests whether proposed classes are

sufficiently cohesive to warrant adjudication by representation." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 623 (1997) (citation omitted).  The Ninth Circuit has held that "there is clear justification for handling the dispute on a representative rather than an individual basis" if "common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication." *Hanlon*, 150 F.3d at 1022.

The claims of Mr. Isabel and the other members of the proposed classes present multiple issues of fact and law that are plainly common: (i) whether they were eligible to vote in the 2016 general election; (ii) whether Defendants are jointly and severally liable for denying the members of the class the right to have their voices heard in the 2016 general election; (iii) the quantum of damages, which should be equal for all voters; and (iv) whether the Defendants' conduct in refusing to count their provisional ballots was willful, warranting the award of punitive damages.

## 2.    A Class Action is Superior to Other Methods of Adjudication.

"[T]he purpose of the superiority requirement is to assure that the class action is the most efficient and effective means of resolving the controversy." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175–6 (9th Cir. 2010) (citation omitted). Here, at least three factors weigh in favor of a class action as superior to individual actions.

First, a class action ensures consistency of the outcome of the claims and a consistent standard for defendants' behavior.  The class members present identical claims regarding their eligibility to vote in the 2016 general election.  Inconsistent rulings as to their voting rights under Arizona and federal law will risk inconsistent voter registration requirements and inconsistent behavior by election administration officials in the event of a similar issue in the future.  Likewise, their damages should be calculated in a manner

that does not privilege one citizen's right to vote over another's.  By adjudicating their claims as one action, this consistency can be ensured.

Under Rule 23, one factor weighing in favor of the superiority of a class action is "the extent and nature of any litigation concerning the controversy already begun by or against class members."  Here, there is no other action by or against the members of the proposed class concerning the controversy.  The only other action concerning the controversy was brought by a political party, not individual voters, and sought equitable relief, not damages.  Because that action was brought before the members of the proposed classes were denied the franchise, that action did not present their damages claims for adjudication.

Moreover, as detailed above, common issues of fact and law predominate.  Courts considering similar cases routinely find that the class action device is superior to other forms of adjudication.  *See, e.g., Wolin*, 617 F.3d at 1175–76.

## C.    Class Counsel Meet the Requirements of Rule 23(g).

Under Rule 23(g), which governs the appointment of class counsel, the Court must consider: (1) "the work counsel has done in identifying or investigating potential claims in the action"; (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action"; (3) "counsel's knowledge of the applicable law;" and (4) "the resources that counsel will commit to representing this class."  Fed. R. Civ. P. 23(g)(1)(A).  In addition, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).

Here, Plaintiff's counsel have and will continue to fairly and adequately represent the interests of the class, and thus satisfy the standards provided by Rule 23(g).  Specifically, Plaintiff's counsel has already invested and will continue to invest significant time and resources in prosecuting this action.  *See Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1008 (9th Cir. 2018) (holding that the district court abused its

discretion by concluding that attorneys cannot serve as adequate class counsel where attorneys had already incurred significant costs and "invested significant time" in the matter).  The briefing and arguments presented in opposition to Defendants' four motions to dismiss should provide ample evidence of Plaintiff's counsel's knowledge of the applicable law and significant efforts to identify and investigate all of the class members' potential claims.  Moreover, this Court has already recognized the undersigned counsel's diligence in pursuing this Action.  *See* Doc. 42 (noting that "the Court is sympathetic to Plaintiff's desire to litigate this case expeditiously and appreciates Plaintiff's diligence in attempting to comply with the federal rules . . . .").

## V.    CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's motion for class certification, appoint David Isabel as Class Representative, and the undersigned as Class Counsel.

Respectfully submitted this 28th day of September 2019.

By:    */s/ Spencer G. Scharff*

Spencer G. Scharff
SCHARFF PLLC

&

Nathan Fidel
MILLER, PITT, FELDMAN &
MCANALLY P.C.

*Attorneys for Plaintiff*
David Isabel

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2019, I electronically transmitted the above document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*s/ Spencer G. Scharff*