ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

By:   M. COLLEEN CONNOR (Bar No. 015679)
      connorc@mcao.maricopa.gov
      Deputy County Attorney
      MCAO Firm No. 00032000

CIVIL SERVICES DIVISION
222 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
Telephone No. (602) 506-8541
Facsimile No. (602) 506-8567
ca-civilmailbox@mcao.maricopa.gov

Attorneys for Maricopa County Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Isabel, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Michele Reagan, in her individual capacity; Maricopa County; Adrian Fontes, in his official capacity as Maricopa County Recorder,<br><br>Defendants. | No. CV 18-3217-PHX-DWL<br><br>**DEFENDANTS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>(Honorable Dominic W. Lanza) |

Defendants Maricopa County, Maricopa County Recorder Adrian Fontes, and Michele Reagan file this response in opposition to Plaintiff's Motion for Class Certification. The Plaintiff has failed to establish that Prerequisites to Class Certification have been satisfied.

I. **Plaintiff Has Failed To Establish That Key Prerequisites To Class Certification In Rule 23(a) Have Been Satisfied.**

For the Court to certify a class in this case, it would first have to be satisfied, "after rigorous analysis," that Plaintiff carries the burden of demonstrating that all four of the prerequisites to certification set forth in Fed. R. Civ. P. 23(a) have been met. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011).

Rule 23(a) requires proof that:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

*A. Numerosity*

A trial court making a numerosity determination is required to "examin[e] . . . the specific facts of [the] case." *Gen. Tel. Co. of the Northwest v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 330 (1980)). And it is the plaintiff's burden to demonstrate "that there are in fact sufficiently numerous parties . . . ." *Wal-Mart v. Dukes*, 564 U.S. at 350 (emphasis in original). Here, in *Plaintiff's Motion for Class Certification*, (Doc. 69), Plaintiff attached Exhibit A, which is a list of voters who cast a provisional ballots in the 2016 because they registered to vote on October 11, 2016 and were not eligible to vote in the 2016 General Election. While the exhibit lists more than 200 voters whose provisional ballot did not count, approximately 60 of those voters

registered to vote in person at the Motor Vehicles Department. The remaining voters on that list registered to vote on the Internet via Service Arizona or by regular mail, which they could have done on Columbus Day, October 10, 2016. Thus, the vast majority of the voters who are listed on Exhibit A availed themselves to a method of registering to vote regardless of the holiday.

Plaintiff's motion falls short of establishing that as fact, relying solely as it does on the bald assertion that all of the individuals who were on the list of voters were not eligible to vote in the 2016 General Election because the Motor Vehicle Department was closed on Columbus Day. Therefore, the Plaintiff has failed to carry his burden of establishing that the numerosity requirement of Rule 23(a)(1) has been met.

*B. Commonality*

> What matters to class certification . . . is not the raising of common questions – even in droves – but, rather the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.

*Wal-Mart v. Dukes*, 564 U.S. at 350 (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof,* 84 N.Y.U. L.Rev. 97, 132 (2009)). Rule 23(a)(2) requires the plaintiff to demonstrate that the class members "have suffered the same injury." *Wal-Mart v. Dukes*, 564 U.S. at 350.

In this case, however, Plaintiff has failed to meet the commonality requirements because under the Plaintiff's theory of the case, every voter who registered to vote on the day after Columbus Day in 2016 would have suffered the same injury and would be a member of the purported class. But Plaintiff fails to explain why the Plaintiff failed to

3

name the 14 other Counties and the 14 other County Recorders who may have rejected provisional ballots cast by voters who registered to vote on October 11, 2016. If those voters exist in any County other than Maricopa County, the voters would have suffered the same injury, but will not be included in the purported class because of Plaintiff's failure to name any of the other Counties as Defendants.

*C. Typicality*

Rule 23(a)(3)'s typicality requirement is a "prerequisite that must be taken seriously and cannot be satisfied solely by conclusory allegations." 7AA Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure Civil § 1764 (3d 2005) (footnote omitted). In addition, "Rule 23(a) may have independent significance when it is used to screen out class actions in which the legal or factual position of the representatives is markedly different from that of other members of the class even though common issues of law or fact are present." *Id.*, § 1764 at p. 275 (footnote omitted). Plaintiff's argument on this point may appear to have some merit at this early stage, but the Ninth Circuit has recognized that a rigorous analysis under class certification requires pre-certification discovery. *ABS Entm't, Inc. v. CBS Corp.* 908 F.3d 405, 427 (9th Cir. 2018); *see* 7AA Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure Civil § 1785.3 (3d 2005) (the practice employed in the overwhelming majority of class actions is to resolve class certification only after an appropriate period of discovery). Thus, at this stage in the litigation, the parties cannot assess whether Plaintiff's claims or defenses are typical of those of the purported class members.

4

*D. Adequate Representation*

The adequacy requirement of Rule 23(a)(4) applies to both the Plaintiff and his counsel. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n. 20 (1997).

1. <u>Adequacy of Plaintiff</u>

"[B]asic considerations of fairness require that a court undertake a stringent and continuing examination of the adequacy of representation by the class representative at all stages of the litigation where absent members will be bound by the court's judgment." *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1254 (11th Cir. 2003) (quoting *Shroder v. Suburban Coastal Corp.*, 729 F.2d 1371, 1374 (11th Cir. 1984)). Plaintiff seeks to meet this requirement with only a conclusory statement that "Plaintiff attests that he has and will continue to assist his attorneys in vigorously prosecuting this action and will protect the interests of the class." *Plaintiff's Motion for Class Certification*, at 7 (Doc. 69). As has been shown above, however, it is simply not true that the Plaintiff shares a common interest the voters listed on Plaintiff's Exhibit A. Moreover, with the *Motion to Dismiss the Plaintiff's First Amended Complaint* (Doc. 65) pending, the parties have not engaged in discovery, and specifically, the Plaintiff has not been deposed to determine if he will adequately represent the interests of their putative class.

Here, the purported class would include all voters, throughout the state, who registered to vote on October 11, 2016 by going to a location, in person, that was closed due to the Columbus Day holiday. Although the Plaintiff attempts to include the entire state, he fails to name as Defendants the 14 other Counties and County Recorders who

are be custodians of voter registration records. A.R.S. § 16-161. Failing to name the 14 other Counties and County Recorders demonstrates that the Plaintiff will not adequately represent the entire class.

Additionally, what the relationship is between Plaintiff and the lawyers representing them, however, is not known because the parties have not engaged in any discovery into such matters, precluding them from presenting to this Court. This is precisely why class certification is generally resolved only after an appropriate period of discovery. 7AA Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure Civil § 1785.3 (3d 2005). In addition, the Plaintiff has not provided any evidence into his fitness to serve as a class representative, including such matters as integrity, knowledge of the issues in the lawsuit, and knowledge of his role and responsibilities as a class representative, beyond a few conclusory allegations in the affidavit Plaintiff attached to his Motion, which of course Defendants have not had the benefit of inquiring into in more depth through discovery. In sum, Plaintiff has not and cannot, at this stage, demonstrate that he meets the adequacy prong. In these circumstances, the Court has no basis for concluding that Rule 23(a)(4)'s adequacy requirement has been met in regard to the Plaintiff.

### 2. Adequacy of Putative Counsel for the Class

Equally important is the adequacy and competency of counsel. "The requirement for a stringent examination of the adequacy of the class representative is especially great when, as in this case, the attorney's fees will far exceed the class representative's recovery." *London*, 340 F.3d at 1254 (internal brackets and quotation marks omitted).

With the question of whether the Plaintiff is entitled to a monetary recovery still unanswered, such a disparity is almost surely the case here.

Plaintiff's Motion, and its failure to address basic matters pertaining to Rule 23's requirements also raises questions as to their understanding of the Rule and the mechanics of class action litigation. The Motion appears premised upon the erroneous notion that mere conclusory assertions suffice to obtain certification of a class. But see *Wal-Mart v. Dukes*, 564 U.S. at 350 ("Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc.") (emphasis in original).

Tellingly Plaintiff's motion does not provide any information as to whether his counsel has participated in a single class action case. If there are any more cases where Plaintiff's counsel sought class certification or defended against class claims, they have managed to keep that information under wraps. Without such information, Plaintiff is not able to satisfy the adequacy requirement of Rule 23(a)(4), or the factors as to their suitability the Court is required to consider pursuant to Rule 23(g). Plaintiff thus cannot establish satisfaction of the adequacy requirement as it pertains to their counsel.

II. **Plaintiff Has Not Established Satisfaction of Any Rule 23(b) Requirements.**

Even if Plaintiff could establish compliance with the prerequisites in Fed. R. Civ. P. 23 (a), Plaintiff "would still have to bring their suit within one of the three categories

of maintainable class actions specified in subsection (b) of Rule 23." *Markiewicz v. Salt River Valley Water Users' Ass'n,* 118 Ariz. 329, 342, 576 P.2d 517, 530 (App. 1978). Plaintiff seeks to have the putative class certified under Rule 23(b)(3). Rule 23(b)(3) permits a class to be certified, again assuming satisfaction of all Rule 23(a) prerequisites, if "questions or law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Rule 23(b)(3), Fed. R. Civ. P. The Rule further provides that four factors pertain to predominance:

(A) The interest of members of the class in controlling their own separate actions;

(B) The extent and nature of any litigation concerning the controversy already commenced by/against members of the class;

(C) The desirability/undesirability of concentrating the litigation in the particular forum; and

(D) The difficulties likely to be encountered in the management of a class action.

In contrast to other parts of Rule 23, Plaintiff does address these factors. However, "[t]he[se] four factors are not exclusive, and the court, in its discretion, may consider other relevant factors." *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. 94, 98, 50 P.3d 844, 848 (App. 2002) (citations omitted). "The availability of attorneys' fees makes the pursuit of individual claims more economically feasible, thereby diminishing any need for class action." 203 Ariz. at 101, 50 P.3d at 851 (citation omitted). In this case, Plaintiff seeks an award of fees under, *inter alia,* § 1983 and, in so doing, they implicitly concede that other taxpayers could do the same,

8

"thereby diminishing any need for a class action." *Id.*

**III.　Conclusion.**

Plaintiff's Motion for Class Certification rests on bald assertions that are insufficient to provide a basis for the Court to find that the requirements of Rule 23 have been met. Plaintiff has not carried, and cannot carry, the burden of establishing satisfaction of Rule 23 requirements, and Plaintiff's request for class certification must be denied.

RESPECTFULLY SUBMITTED this 15th day of October, 2019.

                ALLISTER ADEL
                MARICOPA COUNTY ATTORNEY

BY: /s/ M. Colleen Connor
     M. Colleen Connor
     Deputy County Attorneys
     Attorneys for Maricopa County
     Defendants

BY: /s/ Timothy LaSota
     Timothy LaSota, Esq.
     TIMOTHY A. LASOTA, PLC
     2198 Camelback Road, Suite 305
     Phoenix, AZ 85016
     *Attorney for Defendant Michele Reagan*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of October, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Spencer G. Scharff, Esq.
SCHARFF, P.L.C.
502 West Roosevelt Street
Phoenix, Arizona 85003
spencer@scharffplc.com
*Attorney for Plaintiff David A. Isabel*

Nathan J. Fidel, Esq.
MILLER, PITT, FELDMAN & MCANALLY, P.L.C.
2800 North Central Avenue, Suite 840
Phoenix, Arizona 85004-1069
nfidel@mpfmlaw.com
*Attorney for Plaintiff David A. Isabel*


/s/ Lea Wink

S:\CIVIL\CIV\Matters\GN\2018\Isabel v. Reagan  GN18-0633\6-Motions\Defs'Resp-Opposition2P'sMtn4ClassCertification.docx