Spencer G. Scharff, No. 028946
SCHARFF PLLC
502 W. Roosevelt Street
Phoenix, Arizona 85003
(602) 739-4417
spencer@scharffplc.com

Nathan Fidel, No. 025136
MILLER, PITT, FELDMAN & MCANALLY P.C.
2800 N. Central Ave, Suite 840
Phoenix AZ 85004
(602) 266-5557
nfidel@mpfmlaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Isabel, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Michele Reagan, in her individual capacity; Maricopa County; Adrian Fontes, in his official capacity as Maricopa County Recorder,<br><br>Defendants. | No. 2:18-cv-03217<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO CERTIFY**<br><br>Hon. Dominic W. Lanza |

Plaintiff David Isabel ("Plaintiff") respectfully submits this Reply in support of his Motion to Certify [Doc. 69] and in response to Defendants' Joint Opposition ("Opposition") [Doc. 72].

I.     **INTRODUCTION**

Defendants do not dispute: (i) that the proposed classes are well-defined and ascertainable; (ii) that the Statewide Class is sufficiently numerous; or (iii) that common issues of fact and law exist with respect to the class members' claims. Nor do

Defendants make any argument—because there is none—that the claims of more than 200 members of the proposed class would be more efficiently or more effectively adjudicated on an individual rather than classwide basis.

Defendants misconstrue both the proposed class definitions and the nature of the claims at issue. Defendants also argue that class certification is premature but without any indication of what discovery would make it ripe, and without any substantive arguments against class certification. Defendants' remaining arguments against class certification are unavailing.

## II. DEFENDANTS DISTORT THE PROPOSED CLASS AND SUB-CLASS DEFINITIONS AS WELL AS THE NATURE OF PLAINTIFF'S CLAIMS.

Consistent with Mr. Isabel's class allegations in the Complaint [Doc. 1 at ¶¶ 46–47] and the First Amended Complaint ("FAC") [Doc. 60 at ¶45], Plaintiff's Motion to Certify defines the proposed class and sub-class as follows:

> Statewide Class — All Arizona voters who registered to vote on October 11, 2016 and cast a provisional ballot in the November 8, 2016 General Election, and whose provisional ballot was not counted.
>
> Maricopa Sub-Class — All members of the Statewide Class who were residents of Maricopa County according to their October 11, 2016 voter registration.

[Doc. 69 at 2.] Yet, Defendants appear to have an entirely different understanding of the proposed class and sub-class:

> Here, the purported class would include all voters, throughout the state, who registered to vote on October 11, 2016 by going to a location, in person, that was closed due to the Columbus Day holiday.

[Doc. 72 at 5]. Neither the proposed class nor the proposed sub-class have anything to do with the method of registration—"in person" or otherwise. Defendants also misconstrue—yet again—Plaintiff's claims by arguing that he relies "solely" on the "bald

assertion" that members of the proposed class were denied the right to vote "because the Motor Vehicle Department was closed on Columbus Day." [Doc. 72 at 3.]

In fact, neither the method nor place of registration is relevant to the putative class and sub-class's claims.  Defendants appear to concede this elsewhere.  Indeed, on the very same page, Defendants identify the correct definition and concede that "every voter who registered to vote on the day after Columbus Day in 2016 would have suffered the same injury and would be a member of the purported class." [*Id.*]

Tellingly, Defendants offer no basis for arguing that a voter's method or place of registration is relevant to any of the common questions of law or fact at issue in this litigation.  Defendants offer no basis for arguing that some members of the proposed class have a claim, but others do not.  The October 11, 2016 registrations were either timely or they were not, and the members of the proposed class—by definition those October 11, 2016 Registrants who cast a provisional ballot that was not counted—were either deprived by Defendants of their right to vote or they were not.

### A. The Potential Existence of Unrepresented Sub-Classes Does Not Preclude Class Certification.

Defendants argue that if October 11, 2016 Registrants "exist in any other County other than Maricopa County, the voters would have suffered the same injury, but will not be included in the purported class[.]" [Doc. 72 at 4.]  (Defendants appear to be referencing the proposed Sub-Class.)  As an initial matter, Defendants again concede that all members of the Statewide Class have suffered identical injuries to one another.

In any event, it is true that non-Maricopa voters would be excluded from the *Maricopa* Sub-Class.  This is appropriate, because Mr. Isabel can only sue on behalf of similarly situated plaintiffs.  *Betts v. Reliable Collection Agency, Ltd.*, 659 F.2d 1000, 1005–06 (9th Cir. 1981) ("a fundamental requirement in the establishment of a subclass is that the representative plaintiff must be a member of the class she wishes to represent").  But this does not preclude the certification of a Maricopa Sub-Class for

which an adequate class representative exists.  *See, e.g.*, *Hoexter v. Simmons*, 140 F.R.D. 416, 423 (D. Ariz. 1991) ("the possibility that the subclasses may be required at a later time is not a sufficient basis for refusing to certify the Class"); *Nw. Immigrant Rights Project v. United States Citizenship & Immigration Servs.*, 325 F.R.D. 671, 690 (W.D. Wash. 2016) (denying certification of one subclass for lack of a named representative, but analyzing the class certification requirements for the two remaining subclasses).

Moreover, this case, unlike many others in which subclasses are proposed, presents no conflicts among the various subclasses. *Cf. Wood v. Betlach*, 286 F.R.D. 444, 449 (D. Ariz. 2012) (Campbell, J.) (rejecting, "in a case where no conflict as yet exists" the argument that the "named representatives must be capable of representing all potential subclasses that may later develop").  If a non-Maricopa voter seeks to bring claims as a class representative against her respective county officials, either as part of this lawsuit or as part of a separate suit, her inclusion in the Statewide Class does not preclude any such claims, nor are her claims against Secretary Reagan in any way inadequately represented by Mr. Isabel.

### III.   CLASS CERTIFICATION IS NOT PREMATURE.

Defendants argue that discovery is necessary in order to determine if Mr. Isabel's claims are typical of those of the members of the proposed classes and to determine if Mr. Isabel is an adequate class representative. [Doc. 72 at 4–6.]  But Defendants offer no decision criteria for challenging either.  Defendants articulate no facts which, if proven through discovery, would establish that Mr. Isabel's claims are somehow atypical of the proposed classes.  That is because there are no such facts, and they cannot be proven.  Each of the October 11, 2016 Registrants has—as Defendants concede more than once—identical claims against Secretary Reagan and against their respective county officials.  The Plaintiff's claims are therefore typical of the proposed classes.

Likewise, Defendants offer no basis for calling into question Mr. Isabel's adequacy as a class representative. Mr. Isabel's affidavit establishes that he has brought this suit in order to vindicate his and the members of the proposed classes' voting rights against Defendants' conduct. [Doc. 69-1 at ¶¶ 6, 8.] He understands his obligations as a class representative, is informed regarding the litigation, and participates in case strategy. [Id. at ¶¶ 9–10.] Mr. Isabel's affidavit establishes a prima facie case that he is an adequate class representative. *Cf. Pace v. Quintanilla*, No. SACV 14-2067-DOC, 2014 WL 4180766, at *3 (C.D. Cal. Aug. 19, 2014) (holding that a prima facie showing is sufficient in the earlier stages of a case). To require more at this stage of the litigation would be to demand that Plaintiff prove a negative, without even telling him what assertion(s) he must refute.

Rule 23(c)(1)(A) requires that the Court, "[a]t an early practicable time after a person sues or is sued as a class representative … determine by order whether to certify the action as a class action." If Defendants could articulate some topic on which discovery is necessary before a motion for class certification can be entertained, then their arguments might have some force. But Defendants cannot do so, because the claims of the members of the proposed classes are identical to one another; Mr. Isabel's claims are therefore tautologically typical of those claims; and there is no basis on which to question his adequacy as a class representative.

## IV. DEFENDANTS' REMAINING ARGUMENTS ARE WITHOUT MERIT.

### A. Common Issues Predominate, and a Class Action Is Inherently a Better Method of Adjudicating These Claims.

For the reasons set forth in Plaintiff's Motion [Doc. 69], this case is a textbook example for the superiority of a class action. More than 2,000 voters registered on October 11, 2016, and more than 200 cast provisional ballots in Maricopa County alone, which the Secretary unlawfully refused to count. Because their votes are equal in value, even the Defendants concede that their injuries are identical. This concession is fatal to

any argument opposing class certification. *Cf. Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011) ("Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.").

The issues "apt to drive the resolution of the litigation," *id.*, are entirely common to the members of the class: (i) whether they were eligible to vote in the 2016 general election; (ii) whether Defendants are jointly and severally liable for denying the members of the class the right to have their voices heard in the November 2016 General Election; (iii) the quantum of damages, which should be equal for all voters; and (iv) whether the Defendants' conduct in refusing to count their provisional ballots was willful, warranting the award of punitive damages.

Regardless of the merits of these issues, or how they are ultimately adjudicated, Defendants do not argue that different members of the proposed classes present different analyses of these issues. Nor could they: the members of the class either have claims against the Secretary, or they do not. If they have claims, the value of their claims are identical. The same is true with respect to the Maricopa Sub-Class, which has at least 200 members.

Defendants' only substantive argument against certification is that, because attorneys' fees are available under § 1983, individual claims may be more economically feasible. [Doc. 72 at 8 (citing *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. 94, 98, 50 P.3d 844, 848 (App. 2002)).] If accepted, this argument would vitiate the notion of class actions under any statute that provides for fee-shifting. *But see, e.g., Leyva v. Medline Industries Inc.*, 716 F.3d 510 (9th Cir. 2013) (wage and hour claims under California law); *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055 (9th Cir. 2011) (FDCPA claims); *Bias v. Wells Fargo & Co.*, 312 F.R.D. 528 (N.D. Cal. 2015) (civil RICO). It is hardly surprising, therefore, that even in the case which *ESI Ergonomic Solutions* cites for the proposition (and which citation Defendants omit from their brief), *Parker v. Time Warner Entertainment Co.*, 198 F.R.D. 374, 385

(E.D.N.Y. 2001), the court's denial of class certification was vacated and remanded on appeal, 331 F.3d 13 (2d Cir. 2003), and a settlement class was ultimately approved, 631 F. Supp. 2d 242 (E.D.N.Y. 2009).

### B. The Maricopa Sub-Class is Sufficiently Numerous.

Defendants' contend that "Plaintiff has failed to carry his burden of establishing that the numerosity requirement of Rule 23(a)(1) has been met" because the Subclass of Maricopa County voters is limited to the 60 Maricopa County voters who registered in person at a Motor Vehicle Department. [Doc. 72 at 2–3.] Even assuming that the number is correct,[1] and even if the Maricopa Sub-Class were somehow limited to those voters who registered in person at a Motor Vehicle Department—it is not—Defendants do not explain why a class of 60 is insufficiently numerous—it is. *See Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 654 (C.D. Cal. 2000) ("The Ninth Circuit has not offered a precise numerical standard; other District Courts have, however, enacted presumptions that the numerosity requirement is satisfied by a showing of 25–30 members."); *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010) ("In general, courts find the numerosity requirement satisfied when a class includes at least 40 members.").[2]

### C. Class Counsel Meet the Requirements of Rule 23(g).

There is only one applicant seeking appointment as class counsel. Therefore, under Rule 23(g)(2), the Court "may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4)." Defendants' argument against class counsel's adequacy is strictly that Plaintiff's motion papers do not identify class counsel's experience with class actions. It is true that Rule 23 requires the Court to consider, among several other factors, "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action." Rule 23(g)(1)(A)(ii).

---

[1] Defendants provide no evidentiary basis for this number, and the Court may disregard it for this reason alone.

[2] Both of these cases were cited in Plaintiff's Motion to Certify. [*See* Doc. 69 at 4.]

The relevant Advisory Committee notes make clear that "[n]o single factor should necessarily be determinative in a given case." 2003 Advisory Committee Note, Fed. R. Civ. P. 23(g).

The Court may take judicial notice that both of the undersigned counsel have substantial, relevant experience. *See, e.g., League of United Latin Am. Citizens Arizona v. Reagan*, No. CV17-4102-PHX-DGC, (D. Ariz. 2017) (§ 1983 action challenging Arizona's a dual voter registration system); *Knox v. Brnovich*, 907 F.3d 1167, 1171 (9th Cir. 2018) (§ 1983 Action challenging Arizona's 2016 election law prohibiting certain persons from collecting voters' early mail ballots); *Yuma County Republican Party v. Reagan*, 2018-cv-013963 (Maricopa Sup. Ct. 2018) (action regarding the counting of certain early ballots). In any event, for the reasons cited in Plaintiff's motion, proposed class counsel is more than adequate under Rule 23(g).

Defendants also argue that the likelihood that attorneys' fees will "outstrip" the class's recovery favors denying class certification. As an initial matter, this is not clear, as damages have not been determined in this Action. But in any event, Defendants' argument is nonsensical: under § 1983, attorneys' fees are recoverable in individual actions. Any additional fees resulting from maintaining this action as a class action are minimal, especially as compared to the potential cost of litigating each class member's claims individually.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion to certify.

DATED this 22th day of October 2019

                                        Respectfully submitted,

                                        *s/ Spencer G. Scharff*

                                        Spencer G. Scharff
                                        SCHARFF PLLC

                                        &

                                        Nathan Fidel
                                        MILLER, PITT, FELDMAN & MCANALLY P.C.
                                        *Attorneys for Plaintiff David Isabel*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2019, I electronically transmitted the above document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*s/ Spencer G. Scharff*