**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID ISABEL, individually and on behalf of all others similarly situated, *Plaintiff-Appellant*,<br><br>v.<br><br>MICHELE REAGAN, in her individual capacity; COUNTY OF MARICOPA; ADRIAN FONTES, in his official capacity as Maricopa County Recorder, *Defendants-Appellees.* | No. 19-17397<br><br>D.C. No. 2:18-cv-03217-DWL<br><br>OPINION |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Argued and Submitted November 20, 2020
Phoenix, Arizona

Filed February 11, 2021

Before: Jay S. Bybee, Mary H. Murguia, and Bridget S. Bade, Circuit Judges.

Opinion by Judge Murguia

## SUMMARY[*]

### Civil Rights

The panel affirmed the district court's dismissal, for failure to state a claim, of an action brought by an Arizona voter seeking to remedy Appellees' failure to count his vote in the 2016 November General Election.

Arizona law in effect in 2016 set the voter registration deadline for the 2016 November General Election on Monday, October 10, 2016. But because Monday, October 10, 2016 was also Columbus Day, a state and federal holiday, certain methods of voter registration were not available on that day. Plaintiff, along with roughly 2,000 others, registered to vote on Tuesday, October 11, 2016. His cast ballot, however, was not counted because officials in the Maricopa County Recorder's Office determined that plaintiff was not an eligible voter due to his failure to register by the October 10, 2016 deadline, as set forth in Ariz. Rev. Stat. § 16-120.

The panel held that based on the specific facts of this case, the Arizona statute in effect at the time, and the plain language of the National Voter Registration Act ("NVRA"), plaintiff failed to timely register to vote and was therefore not eligible to vote in the 2016 November General Election. This conclusion alone precluded both plaintiff's claim under Article I, Section 2 of the Constitution, which secures the right to vote for qualified voters, and his claim under Section

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

8 of the NVRA, which ensures voter eligibility for persons who timely register. Accordingly, the panel declined to address whether plaintiff adequately alleged a deprivation of his right to vote that warranted money damages or whether violations of the NVRA could be remedied under § 1983. The panel noted that this rigid result was not likely to reoccur under Ariz. Rev. Stat. § 16-120, as amended in 2017, which directly addressed the circumstances presented in this case.

---

**COUNSEL**

Spencer G. Scharff (argued), Scharff PLLC, Phoenix, Arizona; Nathan Fidel, Miller Pitt Feldman & McAnally P.C., Phoenix, Arizona; Scott Caplan, Law Office of Scott Caplan P.C., Long Island City, New York; for Plaintiff-Appellant.

Timothy A. La Sota (argued), Law Office of Timothy A. La Sota PLC, Phoenix, Arizona, for Defendant-Appellee Michele Reagan.

Joseph J. Branco (argued), Joseph La Rue, and Talia Offord, Deputy County Attorneys; Allister Adel, County Attorney; Civil Services Division, County Attorney's Office, Phoenix, Arizona, for Defendants-Appellees County of Maricopa and Adrian Fontes.

**OPINION**

MURGUIA, Circuit Judge:

This case turns on whether Arizona residents who registered to vote on October 11, 2016, registered to vote in time to be eligible to vote in the 2016 November General Election ("2016 November Election"). Arizona law in effect in 2016[1] set the voter registration deadline for the 2016 November Election on Monday, October 10, 2016. But because Monday, October 10, 2016 was also Columbus Day, a state and federal holiday, certain methods of voter registration were not available on that day. Appellant David Isabel, along with roughly 2,000 others, registered to vote on Tuesday, October 11, 2016. Isabel now appeals the district court's dismissal of his lawsuit brought to remedy Appellees' failure to count Isabel's and the other October 11 registrants' votes.

We must determine (1) whether Isabel was eligible to vote in the 2016 November Election under Arizona law, and if so, whether he sufficiently alleged a deprivation of his right to vote that warrants monetary damages; and (2) whether the Arizona voter registration deadline violated

[1] In 2017, shortly after the 2016 November Election, the Arizona Legislature amended Ariz. Rev. Stat. § 16-120—the Arizona statute setting the voter registration deadline—to provide that when the voter registration deadline falls on a Saturday, Sunday, or other legal holiday, voter registrations received on the next business day immediately following the Saturday, Sunday, or other legal holiday are deemed timely for purposes of voting in the upcoming election. Ariz. Rev. Stat. § 16-120(B) (2017). This amendment directly addresses the circumstances presented in this case, where the voter registration deadline fell on a legal holiday and an Arizona resident registered on the following business day. Therefore, this opinion addresses only Arizona law *as it was in effect in 2016*, before the 2017 amendment.

the National Voter Registration Act ("NVRA"), and if so, whether that violation can be remedied under 42 U.S.C. § 1983.  We hold that, under Arizona law in effect in 2016, an Arizona resident who registered to vote on October 11, 2016 did not register in time to be eligible to vote in the 2016 November Election.  We also hold that the October 10, 2016 voter registration deadline did not violate the NVRA.  Because we conclude that the answer to these threshold questions is no, we need not reach the remaining two questions regarding the enforceability of the NVRA under § 1983 and the factual predicate necessary to state a cognizable money damages claim for deprivation of an individual's right to vote.

## I.  Factual and Procedural Background

To vote in the 2016 November Election, Arizona law in effect at the time required that qualified residents' voter registration forms "be received by the county recorder . . . prior to midnight of the twenty-ninth day" before the upcoming election, which was set for November 8, 2016.  Ariz. Rev. Stat. § 16-120 (2016).[2]  The twenty-ninth day before the 2016 November Election was Monday, October 10, 2016, which also happened to be Columbus Day, a state and federal holiday.  *See* Ariz. Rev. Stat. § 1-301(A); 5 U.S.C. § 6103(a).

---

[2] In 2016, Arizona law provided: "No elector shall vote in an election called pursuant to the laws of this state unless the elector has been registered to vote as a resident within the boundaries or the proposed boundaries of the election district for which the election is being conducted and the registration has been received by the county recorder or his designee pursuant to § 16-134 prior to midnight of the twenty-ninth day preceding the date of the election."  Ariz. Rev. Stat. § 16-120 (2016).

Arizona residents may generally register to vote in-person at county recorder offices, Ariz. Rev. Stat. § 16-134; in-person through designated public assistance agencies, Ariz. Rev. Stat. §§ 16-134(A), 16-140; in-person at a Motor Vehicle Division ("MVD") office, Ariz. Rev. Stat. § 16-112; by mail, § 16-134(C); or online through the Service Arizona website, www.servicearizona.com, Ariz. Rev. Stat. § 16-112. However, because of the weekend and the Columbus Day holiday, post offices were closed on Sunday, October 9, 2016 and Monday, October 10, 2016. Likewise, Arizona MVD offices were closed Saturday, October 8, 2016 through Monday, October 10, 2016. Therefore, Arizona residents were unable to register by mail or in person at an MVD office on the October 10, 2016 voter registration deadline. [3]

Isabel, a new resident to Arizona, registered to vote at an MVD office on Tuesday, October 11, 2016. On Election Day, Isabel went to his assigned polling location to cast his ballot. Isabel was instructed to fill out a provisional ballot because his name was not on the list of eligible voters. Isabel complied and deposited a provisional ballot as instructed. Arizona law requires each county recorder to verify all provisional ballots; Isabel's ballot was verified but it was not counted because officials in the Maricopa County

[3] We take judicial notice that in *Arizona Democratic Party v. Reagan*—a case heavily relied on by Isabel that addresses the same October 10, 2016 voter registration deadline—the district court explained that while post offices and Arizona MVD offices were closed on October 10, 2016, fourteen out of fifteen county recorder offices and the Secretary of State's office were open and received in-person voter registration applications on October 10, 2016. No. CV-16-03618-PHX-SPL, 2016 WL 6523427, at *3 (D. Ariz. Nov. 3, 2016). The district court's order also states that voter registration applications were also received online on October 10, 2016 via the Service Arizona website, www.servicearizona.com. *Id.*

Recorder's Office determined that Isabel was not an eligible voter due to his failure to register by the October 10, 2016 deadline. The 2016 November Election results were certified on December 5, 2016.

On October 9, 2018, some time after Isabel learned that his provisional ballot had not been counted, Isabel filed a class action complaint against (1) former Secretary of State Michele Reagan (the "Secretary"), in her individual capacity; (2) the Maricopa County Recorder, Adrian Fontes, in his official capacity; (3) and Maricopa County (collectively, "Appellees"). Isabel asserted a violation of the NVRA and sought monetary relief pursuant to § 1983. Specifically, Isabel alleged that Section 8 of the NVRA requires that each state ensure an eligible applicant is registered to vote in an election if "the valid voter registration form of the applicant" is: (1) "submitted to the appropriate State motor vehicle authority;" (2) "postmarked;" (3) "accepted at the voter registration agency;" or (4) otherwise "received by the appropriate State election official . . . not later than the lesser of 30 days, or the period provided by State law, before the date of the election."[4] Isabel further alleged that because two of the

[4] In pertinent part, Section 8 of the NVRA provides:

> **(a) In general**: In the administration of voter registration for elections for Federal office, each State shall¨
>
> > **(1)** ensure that any eligible applicant is registered to vote in an election–
> >
> > > **(A)** in the case of registration with a motor vehicle application under section 20504 of this title, if the valid voter registration form

NVRA-mandated voter registration methods—the post office and state motor vehicle division offices—were closed on Monday, October 10, 2016 and the preceding weekend days, Arizona residents who chose to register by one of these methods were required to register to vote more than thirty days before the election, which Isabel claims violates Section 8 of the NVRA. In response to the Secretary's motion to dismiss for failure to state a claim, the district court, without addressing whether Isabel had alleged a

---

> of the applicant is submitted to the appropriate State motor vehicle authority not later than the lesser of 30 days, or the period provided by State law, before the date of the election;
>
> **(B)** in the case of registration by mail under section 20505 of this title, if the valid voter registration form of the applicant is postmarked not later than the lesser of 30 days, or the period provided by State law, before the date of the election;
>
> **(C)** in the case of registration at a voter registration agency, if the valid voter registration form of the applicant is accepted at the voter registration agency not later than the lesser of 30 days, or the period provided by State law, before the date of the election; and
>
> **(D)** in any other case, if the valid voter registration form of the applicant is received by the appropriate State election official not later than the lesser of 30 days, or the period provided by State law, before the date of the election.

52 U.S.C. § 20507(a).

violation of the NVRA, concluded that Isabel's NVRA-based claim failed as a matter of law because a plaintiff wishing to assert an NVRA claim must sue directly under the NVRA, not § 1983.  Isabel was granted leave to file a First Amended Complaint ("FAC").

Isabel's FAC reasserted his claim under the NVRA, but also added, among other things, a claim alleging a violation of Isabel's fundamental right to vote, again seeking monetary relief under § 1983.  Isabel asserted that Article I, Section 2 of the United States Constitution secures the right of qualified voters within a state to cast their ballots and have them counted in Congressional elections.  Isabel further alleged that he, and all otherwise eligible voters[5] who registered on October 11, were qualified within the state of Arizona to cast their ballots for the 2016 November Election and therefore Appellees' failure to count their votes violated their right secured by Article I, Section 2.  Following a second motion to dismiss for failure to state a claim, the district court dismissed Isabel's right to vote claim.  The district court concluded that even assuming Isabel timely registered to vote and was a qualified Arizona voter, he failed to show that the facts alleged gave rise to a money-damages claim against Appellees under § 1983.  The district court dismissed Isabel's FAC without leave to amend.[6]

---

[5] To be eligible to vote in Arizona, one must meet certain requirements in addition to timely voter registration.  *See* Ariz. Rev. Stat. § 16-101 (requiring, among other things, that residents be "a citizen of the United States" and "eighteen years of age or more" to qualify to register to vote).  Whether Isabel satisfied the qualifications set forth in Ariz. Rev. Stat. § 16-101 is not in dispute here.

[6] Although the district court's order dismissing the FAC does not expressly incorporate its prior analysis dismissing Isabel's NVRA-based

The district court's dismissal of Isabel's NVRA and constitutional right to vote claims are the subjects of this appeal.[7] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm, albeit on different grounds. *See Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003) (per curiam) ("We may affirm a district court's judgment on any ground supported by the record, whether or not the decision of the district court relied on the same grounds or reasoning we adopt."). We conclude that, under Arizona law in effect in 2016, Isabel did not register in time to be eligible to vote in the 2016 November Election, and that the NVRA does not compel a different conclusion. By Isabel's own admission, his timely registration is a threshold question to both claims at issue. Because Isabel cannot meet this threshold requirement, we hold that his claims were properly dismissed and decline to reach the grounds relied on by the district court.

claim, as asserted in his original complaint, incorporation can be inferred by the district court's notation that the "FAC does not contain any new factual allegations and does not assert any alternative theories concerning Count I of the original complaint (the NVRA-based § 1983 claim)." In any event, an appeal from a final judgment, as is the case here, encompasses "all earlier non-final orders and all rulings which produced the judgment." *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1364 (9th Cir. 1981); *Sackett v. Beaman*, 399 F.2d 884, 889 n.6 (9th Cir. 1968).

[7] Isabel's FAC also asserted a claim under the Help America Vote Act ("HAVA"), but Isabel waived any arguments that his HAVA claim was improperly dismissed by failing to address the claim in his opening brief except in a footnote. *See City of Emeryville v. Robinson*, 621 F.3d 1251, 1262 n.10 (9th Cir. 2010) (concluding that appellant waived claim "[b]y failing to address the issue in its opening brief except in a footnote").

## II.  Standard of Review

We review the district court's dismissal for failure to state a claim upon which relief can be granted de novo.  *See Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017).  We accept as true all well-pled allegations of material fact and construe them in the light most favorable to Isabel.  *See id*.  However, we need not accept as true legal conclusions couched as factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.    Discussion

First, we must determine whether Isabel registered to vote in time to be eligible to vote in the 2016 November Election.  And whether Isabel timely registered to vote hinges on the interpretation of state and federal law—specifically, Ariz. Rev. Stat. § 16-120 and 52 U.S.C. § 20507 (the NVRA).  Isabel argues that he has sufficiently alleged that he timely registered to vote under the applicable state and federal statutes because he claims that he submitted the appropriate registration form on October 11, 2016—the twenty-eighth day before the election, which is the day after the deadline set in Ariz. Rev. Stat. § 16-120 and incorporated in the NVRA.  As support for this position, Isabel points to another provision of Arizona law, Ariz. Rev. Stat. § 1-303, which he claims provides that any voter registration application filed on October 11, 2016 is deemed to have been filed on October 10, 2016 in light of the Columbus Day holiday.  He further asserts that even if the applicable Arizona law is not interpreted as he claims, the NVRA's text, which supersedes Arizona law, plainly precludes any state from setting its 2016 November Election voter registration deadline before October 11, 2016.  In Isabel's view, the NVRA requires states to ensure eligible voters can register to vote by each of the NVRA-mandated registration methods

up to the thirtieth day before the election (or a date closer to the election if provided by state law), and a deadline that effectively requires any voter registration application to be received earlier than thirty days before the election violates the NVRA. Isabel contends that because two of the NVRA-mandated methods of registration—the post office and state MVD offices—were closed on the October 10, 2016 deadline (the twenty-ninth day before the election) and on Sunday, October 9, 2016 (the thirtieth day before the election), and the MVD offices were also closed on Saturday, October 8, 2016 (the thirty-first day before the election), the October 10, 2016 deadline, in effect, required persons who chose to register by mail or in person at the MVD to register on a date earlier than thirty days before the election. To avoid this "effective deadline" and comply with the NVRA, Isabel contends that the first available day for election officials to require that a voter registration application be postmarked or submitted in person at an MVD office was Tuesday, October 11, 2016.

Because the governing deadline under the NVRA is "the lesser of 30 days, or the period provided by State law, before the date of the election," Arizona's voter registration deadline of the twenty-ninth day before the election is the operative deadline as it is fewer than thirty days before the election. In other words, if Isabel timely registered under Arizona law as he contends, he timely registered under the NVRA. As a result, we address Isabel's arguments with respect to Arizona law first.

### A The 2016 State of Arizona Voter Registration Deadline

In 2016, Arizona law required prospective voters to register to vote "prior to midnight of the twenty-ninth day preceding the date of the election," Ariz. Rev. Stat. § 16-120,

and the twenty-ninth day preceding the 2016 November Election was October 10, 2016—Columbus Day. The question here is whether Arizona law provides that registration applications submitted on October 11, 2016, the day following a holiday, are timely.

Ariz. Rev. Stat. § 1-303 provides that when a deadline to perform an action—in this case registering to vote—falls on a holiday, the action "may be performed on the next ensuing business day with effect as though performed on the appointed day." [8] Isabel therefore contends that under Ariz. Rev. Stat. § 1-303, his October 11 registration was timely. The Arizona Supreme Court, however, has foreclosed Ariz. Rev. Stat. § 1-303's application to circumstances such as those presented here. *See Bd. of Supervisors of Maricopa Cnty. v. Superior Ct., Maricopa Cnty.*, 446 P.2d 231 (Ariz. 1968).

In *Board of Supervisors*, the Arizona Supreme Court interpreted a statute requiring official absentee ballots to be delivered to the county recorders "not less than thirty days prior to a primary election." *Id.* at 233 (quoting Ariz. Rev. Stat. § 16-1104(B) (1968)).[9] In the relevant year, the deadline of thirty days preceding the primary election fell on

---

[8] Section 1-303 provides: "When anything of a secular nature, other than a work of necessity or charity, is provided or agreed to be done upon a day named or within a time named, and the day or the last day thereof falls on a holiday, it may be performed on the next ensuing business day with effect as though performed on the appointed day." Ariz. Rev. Stat. § 1-303.

[9] Ariz. Rev. Stat. § 16-1104(B) (1968) provides that, "[t]he officer charged by law with the duty of preparing ballots at the election shall prepare the official absent or disabled voter's ballot, and deliver a sufficient number to the recorder not less than thirty days prior a primary election and not less than thirty days prior to a general election."

a Sunday. *Id.* Because the county recorder offices were closed on Sundays, petitioners sought to extend the deadline to the following Monday pursuant to Ariz. Rev. Stat. § 1-303. *Id.* The Arizona Supreme Court declined to extend the deadline as requested and reasoned that "if we allow an additional day to deliver the ballots because the last day falls upon a Sunday, the delivery will no longer be 'thirty days prior'" to the election. *Id.*

The Arizona Supreme Court explained that Ariz. Rev. Stat. § 1-303, by its own terms, applies only to statutes that set deadlines "upon a day named or within a time named." *Id.* (quoting Ariz. Rev. Stat. § 1-303). Therefore, Ariz. Rev. Stat. § 1-303 applies only when an act is required to be done "upon a day named" like January 1, *see Kammert Bros. Enters. v. Tanque Verde Plaza Co.*, 420 P.2d 592, 605 (Ariz. 1966) (applying Ariz. Rev. Stat. § 1-303 to determine the first day of "default" when performance was required by "January 1" or the "first of the year"), *vacated on other grounds*, 428 P.2d 678 (1967), or "within a time named" like "within one hundred eighty days after the cause of action accrues" or "within ten calendar days after the refusal," *see Ekweani v. Maricopa Cnty. Sheriff's Office*, No. CV-08-1551-PHX-FJM, 2009 WL 976520, at *3 (D. Ariz. Apr. 9, 2009) (applying Ariz. Rev. Stat. § 1-303 to a notice of claims statute, Ariz. Rev. Stat. § 12-821.01(A), that required a prospective plaintiff to file a notice of claim "within 180 days of the accrual of the cause of action"); *Fisher v. City of Apache Junction*, 28 P.3d 946, 947 (Ariz. Ct. App. 2001) (applying Ariz. Rev. Stat. § 1-303 to a statute setting the deadline to apply for a writ of mandamus "within ten calendar days" after the Secretary of State refused to accept a petition for initiative or referendum). Ariz. Rev. Stat. § 1-303, however, does not apply to deadlines that require something be done in a minimum time *prior to* some event,

such as "thirty days prior to a primary election." *Bd. of Supervisors*, 466 P.2d at 233. Arizona courts strictly construe these types of deadlines. *Id.* ("We believe this statute ["dealing with elections" and using "the words 'not less than thirty days prior'"] is to be strictly construed."); *see also Fisher*, 28 P.3d at 947 (applying *Board of Supervisors* and distinguishing statutory deadlines that count backwards, like the one addressed in *Board of Supervisors* which required something be done *prior to* some event, from those that count forwards, *i.e.*, "[w]ithin ten calendar days *after*" a certain event) (emphasis added).

Just as the statute addressed in *Board of Supervisors*, the Arizona statute governing voter registration in 2016 set a deadline that required registration be completed in a minimum time prior to the date of the 2016 November Election—it did not provide a day named or a time in which an act is required to be done. *See Bd. of Supervisors*, 446 P.2d at 233; *Fisher*, 28 P.3d at 947. Therefore, the deadline set in Ariz. Rev. Stat. § 16-120 is not the type of deadline generally subject to Ariz. Rev. Stat. § 1-303.[10] Moreover, as articulated in *Board of Supervisors*, if the voter registration deadline were extended to Tuesday, October 11, 2016, the registration application would no longer be received "prior to midnight of the twenty-ninth day preceding the date of the election," as required by the version of Ariz. Rev. Stat. § 16-120 in effect in 2016. Therefore, the 2016 Arizona voter registration deadline is the type of deadline the Arizona Supreme Court "believe[s] . . . is to be

[10] Of course, the Arizona Legislature remained free to add a specific deadline-shifting provision in Ariz. Rev. Stat. § 16-120, which it did through statutory revisions in 2017.

strictly construed".[11] *Bd. of Supervisors*, 446 P.2d at 233. Accordingly, Isabel's claim fails.

Isabel's only authority to the contrary is *Arizona Democratic Party v. Reagan*, No. CV-16-03618, 2016 WL 6523427 (D. Ariz. Nov. 3, 2016) (hereinafter "*ADP*"). The district court in *ADP* rejected *Board of Supervisors* as controlling precedent because it found Arizona's statutory scheme, including Ariz. Rev. Stat. § 16-120, sufficiently clear and unambiguous that the court "need not employ other methods of statutory construction." *Id.* at *15. The district court in *ADP*, however, declined to "determine whether the [Arizona Secretary of State] was required to extend the [October 10 deadline] here pursuant to § 1-303." *Id.* at *16. But when this Court is tasked with interpreting state law, we must predict how the state's supreme court would resolve the issue. *See Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir. 1986) ("This court will follow a state supreme court's interpretation of its own statute in the absence of extraordinary circumstances . . . . Where the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it.") (citations omitted).

*Board of Supervisors* is the controlling Arizona precedent here. There are no extraordinary circumstances present that warrant our deviation from the Arizona Supreme Court's interpretation of its own state law, Ariz. Rev. Stat. § 1-303, and the deadline set in the 2016 version of Ariz.

[11] Isabel cites to a 1958 Attorney General Opinion applying Ariz. Rev. Stat. § 1-303 to extend the registration deadline for a primary election when it fell on July 4th. However, to the extent this source was persuasive, it is superseded by the Arizona Supreme Court's 1968 opinion in *Board of Supervisors*, 446 P.2d at 233.

Rev. Stat. § 16-120 is nearly indistinguishable from the statutory deadline addressed in *Board of Supervisors*. Moreover, the plain language of the statute, before the 2017 amendment, requires registration forms be received no later than the twenty-ninth day before the election.[12] *See Zamora v. Reinstein*, 915 P.2d 1227, 1230 (Ariz. 1996) (explaining that a statute's language is the best indication of the Legislature's intent and where "the language is plain and unambiguous, courts generally must follow the text as written") (internal quotation and citation omitted). We therefore decline to adopt the reasoning set forth in *ADP*.

Therefore, under applicable Arizona law, voters who registered on October 11, 2016 did not register in time to be eligible to vote in the 2016 November Election. We note, however, that this result is not likely to reoccur in light of the Arizona Legislature's 2017 amendment to Ariz. Rev. Stat. § 16-120. In its 2017 regular session, the Arizona Legislature amended Ariz. Rev. Stat. § 16-120 to provide that:

> If the twenty-ninth day preceding the date of the election falls on a Saturday, Sunday or other legal holiday, voter registrations that are received on the next business day immediately following the Saturday, Sunday or other legal holiday are deemed to have

[12] Isabel alleges in the FAC that in 2012, "the 29th day before the general election was October 8, 2012, and, because that day was Columbus Day, the voter registration deadline in Arizona was October 9, 2012." However, we must review the law in front of us, and the Secretary of State's prior actions, without more, do not require us to deviate from the plain language of the statute. Isabel does not provide any authority to the contrary.

> been timely received for purposes of voting in that election.

Ariz. Rev. Stat. § 16-120(B) (2017). Because the Arizona Legislature addressed the confusion posed by the intersection of voter registration deadlines and holidays, our application of Arizona law in this opinion is limited to interpreting Ariz. Rev. Stat. § 16-120 as it was in effect in 2016.

**B. NVRA**

Federal law does not compel a different result. The NVRA, in pertinent part, provides that "each State shall . . . ensure that any eligible applicant is registered to vote in an election" if a valid voter registration form:

> (A) in the case of registration with a motor vehicle application, is submitted to the appropriate State motor vehicle authority,
>
> (B) in the case of registration by mail, is postmarked,
>
> (C) in the case of registration at a voter registration agency, is accepted at the voter registration agency, or
>
> (D) in any other case, is received by the appropriate State election official,

"not later than the lesser of 30 days, or the period provided by State law, before the date of the election." 52 U.S.C. § 20507(a). Because Arizona's registration deadline—the twenty-ninth day before the election—is less than thirty days before the election, it is the applicable registration deadline

under the NVRA. Therefore, the unambiguous terms of the NVRA required Arizona to ensure that a qualified voter who submitted their registration application twenty-nine days before the 2016 November Election be registered to vote in that election. *Id.*; Ariz. Rev. Stat. § 16-120. Isabel, however, registered to vote on the twenty-eighth day before the election. Because Isabel did not submit his registration application at least twenty-nine days before the election as required by Arizona law at the time, the Secretary argues that Isabel's claim "falls out of the plain language of the NVRA." We agree. *See, e.g.*, *Hardt v. Reliance Standard Life Ins. Co*., 560 U.S. 242, 251 (2010) ("We must enforce plain and unambiguous statutory language according to its terms.").

Again, Isabel's only authority to the contrary is the district court's determination in *ADP* that the October 10, 2016 deadline violated the NVRA because "in effect, [due to the holiday and weekend closures], the deadline to register by postmarked mail was Saturday, October 8, 2016—31 days before the election" and "[t]he deadline to register in-person at the MVD was Friday, October 7, 2016—32 days before the election," thereby failing to "ensure that any applicant who registered to vote 'not later' than [29] days before November 8, 2016 was eligible to vote in the [2016 November Election]." *ADP*, 2016 WL 6523427, at *13. Had Isabel attempted to register on or before October 10, 2016 this rationale may have more appeal. But those are not the facts before us. The district court's reasoning in *ADP* necessarily assumes that if the applicable deadline falls on a weekend or holiday, the NVRA imposes an affirmative duty on states to ensure that persons who register to vote *later than* the deadline are registered to vote in the upcoming election. This assumption, however, is inconsistent with the express terms of the statute—ensuring registration for those who register *not later than* the applicable deadline.

52 U.S.C. § 20507(a).  Neither Isabel nor the district court in
*ADP* provide a basis for this contradictory interpretation.
Without more, we decline to construe the terms of the statute
beyond their ordinary meaning.  *See Williams v. Taylor*,
529 U.S. 420, 431 (2000) ("We give the words of a statue
their ordinary, contemporary, common meaning, absent an
indication Congress intended them to bear some different
import.") (internal quotation marks and citation omitted).

Similarly, Isabel's assertion that the NVRA requires
states to ensure eligible voters can register by each of the
NVRA-mandated registration methods up to the thirtieth day
before the election may impute more meaning to the NVRA
than its plain language allows.  The text of the NVRA
requires states to ensure eligible voters who timely submit a
voter registration application by one of the enumerated
methods are registered to vote.  It does not, however,
expressly direct states to further ensure that each of the
enumerated methods are available on the thirtieth day before
the election, even if that day falls on a non-business day.

In sum, we conclude Isabel's untimely registration
precludes his ability to adequately allege that Appellees
violated the NVRA by failing to ensure he was registered to
vote in the 2016 November Election.

## IV.   Conclusion

Based on the specific facts of this case, the Arizona
statute in effect at the time, and the plain language of the
NVRA, Isabel failed to timely register to vote and was
therefore not eligible to vote in the 2016 November Election.
This conclusion alone precludes both Isabel's claim under
Article I, Section 2 of the Constitution, which secures the
right to vote for *qualified* voters, and his claim under Section
8 of the NVRA, which ensures voter eligibility for persons

who *timely* register.   Accordingly, we decline to address whether Isabel adequately alleged a deprivation of his right to vote that warrants money damages or whether violations of the NVRA can be remedied under § 1983, and we affirm the district court's dismissal of Isabel's claims.

Notably, this rigid result is not likely to reoccur under Ariz. Rev. Stat. § 16-120, as amended.

**AFFIRMED**